HARRINGTON COMPANY, a corporation,

*v.*

OTTO G. HORSTER et al.

[Decided August 6th, 1918.]

1. When land is sold for non-payment of taxes the law will guard the owner's rights with the greatest care.

2. Every step in the proceedings must be performed, as that is a condition precedent to the validity of the sale.

3. The certificate of sale must contain all the recitals required by law.

4. The statutes giving the right of redemption are liberally construed in favor of the owner.

On pleadings and proofs.

*Mr. Adolph L. Engelke,* for the complainant.

*Mr. Otto A. Stiefel,* for the defendants.

LEWIS, V. C.

The bill in this cause is filed for the strict foreclosure of a certificate of tax sale made by the collector of taxes of the city of East Orange to one I. Baldauf, and assigned by the purchaser to complainant.

The authority for the filing of the bill of complaint is to be found in a case decided by the present chancellor. *Mitsch* v. *Owens, 82 N. J. Eq. 404.*

*89 N. J. Eq.*    .    Harrington Co. *v.* Horster.

The certificate, which has been admitted in evidence, and the testimony taken, show that the land in question, formerly belonging to the defendants Otto G. Horster and wife, was struck off and sold to I. Baldauf under proceedings taken by Louis McCloud, collector of taxes of the city of East Orange, to enforce the collection of delinquent taxes assessed for the year 1912. There is no denial that the taxes were unpaid, or that the taxes were regularly assessed and collectible by the city collector.

Taxes being due the city of East Orange it became the duty of the collector to insist upon their collection.

The revision of the tax laws adopted in the year 1903 provided the method for the enforcement of the rights of the city of East Orange, and pointed out the methods to be adopted by the collector of taxes.

The defendants contend that the complainant has not proved its right to foreclose the certificate of tax sale, basing their contention upon grounds directed merely to the execution and acknowledgment of the certificate of tax sale, the defendants insisting that the court should set aside the tax sale certificate, which would mean that the complainant would then be entitled to have returned to it from the city of East Orange the amount paid on tax sale, plus six per cent. interest.    See *4 Comp. Stat. p. 5138 § 60:*

"Where the tax sale shall be set aside because of defective proceedings on the part of its officers, the taxing district shall refund to the purchaser the price paid by him on the sale, with simple interest, upon his assigning to the tax district the certificate of sale and all his interest in the tax and tax lien, and the taxing .district may re-advertise and sell if the tax lien remains in force."

The tax sale certificate is not attacked until the testimonium clause is reached.    That reads as follows:

"IN WITNESS WHEREOF, I, Louis McCloud, Collector of Taxes of the City of East Orange, have hereunto set my hand, and I, Lincoln E. Rowley, City Clerk of said City of East Orange, have hereunto affixed the corporate seal of the said City, and attested the same this twenty-third day of October, in the year one thousand nine hundred and thirteen.

Seal of the City of East Orange.

Attest:                                                    LOUIS MCCLOUD,
    LINCOLN E. ROWLEY,                          *Collector of Taxes.*
            *City Clerk.*"

Proof was then made by the city clerk as follows:

"STATE OF NEW JERSEY, ⎱ *ss.*
 COUNTY OF ESSEX, ⎰

BE IT REMEMBERED, That on this twenty-third day of October. in the year of our Lord one thousand nine hundred and thirteen, before me, a Master in Chancery of New Jersey, personally appeared Lincoln E. Rowley, who, being duly sworn according to law, on his oath says that he is the City Clerk of the City of East Orange; that Louis McCloud is the Collector of Taxes of said city; that he [deponent] knows the corporate seal of said city; that the seal affixed to the foregoing deed is such corporate seal; that he saw the said Louis McCloud sign said deed and heard him acknowledge that he signed, sealed and delivered the same as his voluntary act and deed for the uses and purposes therein expressed, and that deponent at the same time affixed the corporate seal of said city thereto and attested the same.

LINCOLN E. ROWLEY.

Sworn and subscribed to before me this 23d day of October, A. D. 1913, at East Orange. N. J.

BORDEN D. WHITING,
*M. C. C. of N. J.*"

Section 52 of the revision of the tax laws adopted in the year 1903 says:

"Within ten days after the sale the collector shall deliver to the purchaser a certificate of sale under his hand and seal and duly acknowledged by him as a conveyance of land," &c.

The question to be decided is simply whether the collector of taxes has complied with the statute, which requires that the certificate of sale shall be delivered under his hand and seal.

It will be observed that the collector of taxes uses the words "have hereunto set my hand," and that he does not mention the word "seal." If he had done so, he would have complied with the requirement of the statute.

In regard to the question of the requirement of a seal, the legislature, in the year 1904 (*P. L. 1904 p. 203; Comp. Stat. p. 1540 § 20a*), provided that no instrument shall be void for lack of a seal provided the attestation clause and the acknowledgment or proof shall recite that the same was signed and sealed by the makers thereof.

I am unable to see, however, how this helps the complainant

in the instant case, as he does not state in the testimonium clause that he did seal it. I am of the opinion that the statute must be strictly complied with and that his seal is requisite. The city clerk says that he affixed the corporate seal of the city, but that is not the same and is not what the statute requires.

The sale of land for non-payment of taxes is such an extreme interference with private property that the law guards the rights of the owner with the utmost care. The due performance of every step in the proceedings, even in the most minute particulars, is a condition precedent to the validity of the sale, and the deed to the purchaser must contain all the statutory requirements. *Lyon* v. *Alley, 130 U. S. 177; Brown* v. *Veazic, 25 Me. 359; Wilsons* v. *Doe d. Bell (Va.), 7 Leigh 22.*

Nothing can be plainer, I think, than that McCloud did not seal the instrument with his seal; that he did not pretend to; that, in fact, the corporation seal is affixed; that the instrument declares it was affixed by its custodian, the city clerk, who, moreover, swears that he affixed it; the city clerk also swears that he attested the seal—in other words, verifies its genuineness as the city's corporate seal; that, therefore, there is no subscribing witness who can prove the instrument.

The lack of Mr. McCloud's seal is not helped out by the act of 1904, because that act requires that both the attestation clause and the acknowledgment shall recite that the instrument was signed and sealed by the makers thereof.

It is not sufficient that the attestation clause shall recite that the instrument was signed and sealed by the makers thereof; it is not sufficient that the acknowledgment of proof shall so recite; the statute requires that the recital shall appear in both cases. Moreover, the city clerk is not a "maker" of the instrument; a perusal thereof shows that it is the instrument of Louis McCloud, collector of taxes of East Orange; he does not recite that he affixed his seal in the "attestation" clause; on the contrary, he permits Mr. Rowley to recite that Rowley affixed the corporation seal. In other words, the attestation affirmatively shows that what the complainant contends for is the very thing which was not done, but which is required in order to bring the act of 1904 into operation.

18

We are dealing in this case with a certificate or instrument not *inter partes* founded upon a consideration passing from one party in the suit to his opponent, but we are dealing with a certificate whose only right to exist can be found in a statute, which prescribed exactly how that certificate to have validity against the defendants shall be executed and perfected—the certificate of a stranger claiming to exercise a confiscatory statutory right; and before the complainant can have any remedy in this court, it must show that its statutory right exists, by producing a certificate executed according to the statute. *Partridge* v. *Mechanics National Bank, 77 N. J. Eq. 208; affirmed, 78 N. J. Eq. 297; Campbell* v. *Hough, 68 Atl. Rep. 760; 73 N. J. Eq. 601; In re Coyles' Estate, 99 Atl. Rep. 117; Coe* v. *Midland, 31 N. J. Eq. 157; Pennsylvania Company* v. *Marcus, 99 Atl. Rep. 405.*

I am inclined to the opinion that this tax sale certificate, not being in compliance with the statute, gives the complainant no right to foreclose according to the statute, and no right to the rents and profits demanded in this suit.

I shall advise a decree in accordance with these views.