ALEXANDER MILMOE and CATHERINE MILMOE, his wife, complainants,

*v.*

AUGUST ZIMMERMAN and THERESA ZIMMERMAN, his wife, defendants.

[Decided October 29th, 1923.]

1. On a bill to redeem lands sold under the Martin act, the proceedings leading up to the sale cannot be attacked; but the proceedings subsequent to the sale may be.

2. The rule of law that every step in the proceedings under the Martin act must be duly performed, even in the most minute particulars, does not obtain in a bill to redeem after conveyance made.

3. Where the record shows that the notice required by the Martin act was served upon the wife of the owner of the land at the place of abode of the owner, the objection that the record does not show that the wife was over fourteen years old and a member of the owner's family, is purely technical.

4. Where the record shows that the notice required by the Martin act was served by the purchaser's clerk in his employ, the objection that the record does not show that the clerk was the purchaser's agent is also purely technical. The fact that the proofs were not statutorily perfect worked no harm to the owners, as they had actual notice of the sale, as the Martin act bars the owners from setting up formal defects or irregularities and forbids the court to disregard the deed of the comptroller unless injury is suffered.

On bill to redeem. On final hearing.

*Mr. Michael J. Quigley* and *Mr. Hugo Woerner,* for the complainants.

*Mr. Nicholas W. Kaiser,* for the defendant.

BACKES, V. C.

This is a bill to redeem land sold and conveyed under the Martin act. *Comp. Stat. p. 5205.* The city of Newark sold the land of the complainants for unpaid taxes to Charles Bierman in 1910. The comptroller of Newark made a conveyance to the purchaser a year later, after six months' notice in writing of the sale to the owners and proof of service of notice. In 1919 the comptroller executed a second deed to the purchaser after a second six months' notice in writing of the sale and proof of service. The purchaser later conveyed to the defendants. The complainants cannot, and, of course, do not assail the proceedings leading up to the sale. Their remedy in that respect is at law, by *certiorari,* but in equity on a bill to redeem the proceedings subsequent to the sale may be attacked. If the proceedings and the deed are not in conformity with the statute the deed is ineffective and the owner may redeem. *Nugent* v. *Hayes et al., 94 N. J. Eq. 305.*

As to the first deed: It is regular in form and in compliance with the statute. The notices are in due form and were served timely upon the owners. One is addressed to each owner and the proof of service appended to each, and made by the purchaser, states that he served the one addressed

to Catherine Milmoe "on Catherine Milmoe personally by delivering the same at her residence, 83 Littleton avenue, Newark, on the 30th day of November, 1910," and the other, addressed to Alexander Milmoe, "On Alexander Milmoe personally by delivering the same to his wife, Catherine, at 83 Littleton avenue, on the 30th day of November, 1910."

As to the second deed: It is also regular in form and the notices in writing to the owners are in legal shape. The proof of service annexed to each notice was made by Julia F. Wright, who deposed that she served the same on each of the owners personally February 4th, 1919, and further, "that at the time of effecting such service deponent was a clerk in the employ of Charles Bierman [the purchaser]."

The complainants held the land by the entirety and they claim that they were not disseized by the first deed because the proof of service of the first notice of sale on Alexander Milmoe does not disclose that it was served upon him *personally or by leaving the same at his place of abode with a member of his family above the age of fourteen years;* and they further contend that if the deed is ineffective because of this defect in the proof, that they were not divested of their title by the second deed because the proofs of service of the second notice of sale do not show that the notices were served upon them by the purchaser of the property *or his agent.* The point in this respect is that the averment of Julia F. Wright, who served the notices, that at the time she made such service she was a *clerk* in the employ of the purchaser does not show that she was his agent. If the case were in the supreme court on *certiorari* to set aside the certificate of sale, or in chancery to foreclose the right to redeem the certificate of sale, the points might be regarded as well taken, for, as is laid down by the authorities and as stated by Vice-Chancellor Lewis in *Harrington Co.* v. *Horster, 89 N. J. Eq. 271:* "The sale of land for non-payment of taxes is such an extreme interference with private property that the law guards the rights of the owner with the utmost care. The due performance of every step in the proceeding, even in the most minute particulars, is a condition precedent to the

validity of the sale, and the deed to the purchaser must contain all the statutory requirements. * * * *Lyon* v. *Alley, 130 U. S. 177; Brown* v. *Veazie, 25 Me. 359; Wilson* v. *Doe d. Bell (Va.), 7 Leigh 22.*"

But this rule of law does not obtain on a bill to redeem after conveyance made. The statute so commands.

Before an owner can be divested of his title to land by a tax deed he is entitled to a written notice that his property has been sold for taxes, served upon him at least six months before the conveyance, and the notice must be served by the purchaser or his agent on the owner, either personally or by leaving the same at his place of abode with a member of his family above the age of fourteen years, and upon surrender of the certificate of sale and due proof of service of notice the comptroller must deliver to the purchaser a deed for the land. And the statute then provides (*Comp. Stat. p. 5212 § 312*) that the purchaser

"shall take a good and sufficient title to the property sold in fee-simple absolute, free from all encumbrances * * * of which the said deed shall be presumptive evidence in all courts and places, and in any proceedings or actions to be by such purchaser, his heirs, legal representatives or assigns, taken, prosecuted or defended for the recovery of the possession of the property so sold as aforesaid or in the establishment or defense of his or their title, shown as aforesaid by such deed, the title shall not fail or be defeated by reason of any irregularity or formal defect in the procedure taken under this act. upon which the sale shall have been made or the title conveyed as aforesaid, * * * provided * * * it does not appear that any substantial injury was done to the owner of the property by reason of the irregular or illegal manner or method of fixing, imposing or collecting said tax, assessment and lien."

This legislation imposes on the owner the burden of overcoming the presumption of title in the purchaser by showing that non-compliance with the provisions of the statute is substantial and resulted in injury to him; in other words, that the non-compliance is not a mere irregularity or formal defect in the procedure. The objections to the proofs of service of both sets of notices are purely technical. That service of each set was actually made upon the owners as directed by the statute is not disputed. That, at the time of the service of

the first notice on Alexander Milmoe, 83 Littleton avenue, was his place of abode, and that his wife was over the age of fourteen and a member of his family, is not questioned. Nor is it controverted that Julia F. Wright, who served the second notices, was at the time the purchaser's agent for that purpose. The things to which the complainants point, and on which they rely to overcome the presumption, is that the proofs do not set forth the actual facts of service in the precise language of the statute. They do, however, set forth such facts from which, clearly, can be inferred that service was made in substantial compliance with the statute. They show that at the time of the execution of the first deed service was made on Mrs. Milmoe personally at her residence, 83 Littleton avenue, Newark, and on Mr. Milmoe by delivering same to his wife, Catherine, at 83 Littleton avenue. Read together the natural inference is that that was their place of abode, that they were living together and that the wife was more than fourteen. At the execution of the second deed the proofs showed Miss Wright to be the clerk of the purchaser in effecting service. While a clerk is not necessarily an agent (*1 Bouv. L. Dict. 505*), agency is suggested. That the proofs were not statutorily perfect worked no harm to the owners; they had actual notice of the sale. The shortcomings in the proofs, so far as the owners are concerned, are mere irregularities or formal defects and cannot be taken advantage of to avoid the conveyance. The Martin act bars the owners from setting up these defects or irregularities and forbids the court to disregard the deed of the comptroller unless injury is suffered. A similar act was passed in 1881 (*P. L. p. 194*) to prevent the setting aside of tax assessments by the courts, law or equity, for any irregularity or defect in form or illegality in the assessment if the person assessed was in fact liable to taxation, and the court of appeals held that its effect was to destroy, root and branch, the power to defeat such a proceeding except on a meritorious ground, and that the express purpose of the law was to prevent for the future the frustration of taxation on the ground of erroneous procedure. *Conover* v.

*Honce, 46 N. J. Law 347; Jones* v. *Landis Township, 50 N. J. Law 374.*

If the first deed of the comptroller was not efficacious to convey the title because of the inadequacy of the proof of service of notice, it was not a legal obstacle to the execution of the second deed, which was attended by proofs of service more nearly perfect.

The bill will be dismissed, with costs.