ALEXANDER J. MILMORE and CATHERINE MILMORE, complainants-appellants,

*v.*

AUGUST ZIMMERMAN and THERESA ZIMMERMAN, defendants-respondents.

[Submitted June 9th, 1924.   Decided January 19th, 1925.]

The filing of a bill under *P. L. 1918 p. 897,* as amended by *P. L. 1919 p. 564,* to foreclose the right of redemption, does not create or bring into being a new right to redeem as against a perfected title in fee acquired through a tax sale and proceedings under and in accordance with the provisions of the Martin act, whereby all right of redemption had long before been terminated forever.

On appeal from the court of chancery advised by Vice-Chancellor Backes, whose opinion is reported in *95 N. J. Eq. 85.*

*Mr. Michael J. Quigley* and *Mr. Hugo Woerner,* for the appellants.

*Mr. James R. Nugent,* for the respondents.

The opinion of the court was delivered by

WHITE, J.

This is an appeal from a decree of the court of chancery, dismissing appellants' bill to redeem a vacant lot in the city of Newark, sold and deeded in fee under the "Martin act" for unpaid taxes. In 1899 appellants became the owners of the vacant lot in question, which, on May 8th, 1910, was sold under the "Martin act" (*Comp. Stat. p. 5205*) for unpaid taxes to one Charles Bierman, who, on November 30th, 1910, served "Martin act" notices to redeem on appellants, who

did not redeem, and on June 29th, 1911, Bierman received from the comptroller of the city of Newark a "Martin act" deed in fee for the premises. On February 4th, 1919, Bierman served another set of notices to redeem on appellants, who again did not redeem, and on October 23d, 1919, Bierman received from the comptroller another deed in fee for the premises. Bierman conveyed to respondents in 1921. The present bill to redeem sets up, *inter alia,* certain alleged defects, not in the assessment of the taxes nor in the tax sale for their collection, but touching the service of the above-recited notices to redeem. The court of chancery, in an opinion by Vice-Chancellor Backes (reported in *95 N. J. Eq. 85*), held that Bierman took a good title in fee-simple under the tax deeds delivered in pursuance of these notices. We concur in this decision and in the views relating thereto expressed in the opinion filed by the learned vice-chancellor.

The bill, however, also sets up another ground in support of the right to redeem which appellants now claim. This is said to arise from the fact that the present respondents, after their purchase from Bierman, in 1921, filed, in 1922, a bill under section 49 of the act of 1918 (*P. L. p. 897*), amended by the act of 1919 (*P. L. p. 564*), against appellants to foreclose the latter's right to redeem, whereupon appellants promptly answered, claiming the right to redeem under the provisions of that section, and tendering redemption, and forthwith filed the bill to redeem now involved. Section 49 (as so amended) of the act of 1918, in so far as it is appurtenant, provides: "The purchaser, or his heirs or assigns, in addition to the foregoing remedy, and at any time after the expiration of the terms of two years, whether notice to redeem has been given or not, may file a bill in equity to foreclose the right of redemption, but on filing such bill the right to redeem shall exist and continue until barred by the decree of the court of chancery." Naturally, respondents then immediately, with leave of court after notice and over appellants' objection, discontinued their bill to foreclose. An appeal was not taken from this order granting leave to discontinue, but as no point of the possible effect of this order

as *res adjudicata* was raised by the pleadings nor urged in the brief of counsel here, that aspect of the case will not be considered.

The question before us therefore is, Did the filing of respondents' bill, under this section, to foreclose the right of redemption, create or bring into being a new right to redeem as against a perfected title in fee, acquired through a tax sale and proceedings under and in accordance with the provisions of the "Martin act," whereby all right of redemption had long before been terminated forever? We think it did not.

The act of 1918 provides a legislative scheme for the collection of unpaid taxes on real estate by the creation and enforcement of liens against such real estate. It nowhere pretends to create what, of course, it could not create in any event, viz., a right to defeat or destroy an estate in fee-simple in real estate by giving to someone who has no interest nor estate therein, the right (under the guise or name of redemption) to acquire title thereto by purchase, not only without the consent, but against the active protest of the real owner. The title of the act is "An act concerning unpaid taxes, assessments and other municipal charges on real property, and providing for the collection thereof by the creation and enforcement of liens thereon." Clearly, the object of the act as declared in its title does not, most remotely, include any such purpose. Nor do the provisions of the body of the act, as it seems to us, indicate any such legislative intent. Section 49 gives the purchaser at a tax sale, after two years, and whether notice to redeem has or has not been given, the right, in addition to the foregoing remedy, to file a bill to foreclose *the right of redemption*. "To foreclose" means to end or terminate. The word presupposes the existence of something to be ended or terminated. Obviously, it seems to us, the provision in question applies and was intended to apply only to a situation where the right to redeem had not, in fact, been absolutely lost or ended before the bill to foreclose was filed. If the notice under the act of 1918 had been given and then, before the right of redemption was cut off in pursuance

thereof, the purchaser, for some reason, saw fit to invoke section 49, by filing a bill for strict foreclosure of the right of redemption, the effect under this section would be to continue the owner's right of redemption until barred by the decree of the court of chancery, and this, although in the absence of such bill to foreclose, the right to redeem might much sooner have been cut off by proceedings under the notice which had already been given. This, we think, was the purpose of the provision in question. The act was intended to operate upon a still existing right to redeem. In the present case, however, the right to redeem, which had once existed, had long since been absolutely extinguished, and the purchaser held an undefeasible title in fee-simple before the bill to foreclose was filed. Under these circumstances, we think the provisions of section 49 have no application, and that the decree must be affirmed.

*For affirmance*—TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, WHITE, GARDNER, VAN BUSKIRK, KAYS, JJ. 9.

*For reversal*—THE CHIEF-JUSTICE, CAMPBELL, LLOYD, CLARK, MCGLENNON, JJ. 5.