The bill is filed to redeem lands from tax sales. One of the complainants was the owner of the fee, and the other three held mortgage and judgment liens, at the time of the sales. On October 11th, 1917, the collector of the borough of Rosselle sold the lands, in fee, in three groups or blocks, for the taxes of 1916; one group to the defendant, Schaffer, the other two to one Wiltsie, who assigned to Schaffer. On April 3d 1923, Schaffer filed and recorded in the office of the register of deeds of Union county the tax collector's certificates of sales, the assignment to him by Wiltsie, his affidavits of inquiry, and of mailing on April 8th, 1922, of notices to the complainants to redeem, a copy of the notice, and his affidavit of their failure to redeem, all annexed, and all in due form as required by section 59 of the General Tax act of 1903 (Comp. Stat.p. 5138), and no question is raised as to their sufficiency, save in the things hereafter pointed out.
It is set up that the certificates are void because — (a) they fail to state that there was no bidder for a term less than a term in fee. Fairfield Dairy Co. v. Pier, 80 N.J. Law 649.
(b) Two of them failed to sufficiently identify the property sold, the description being "parts of lots," which parts not being stated. (c) They have no seal of the collector attached.Comp. Stat. 1540 § 20a. These defects cannot be considered on a bill to redeem from a purchaser. *Page 33 
If the certificates are defective and void or ineffective, there is nothing to redeem. The purchaser's title rests on the certificate, and recording of it gives him the right of possession to the land. Section 56. An attack on the certificates must be made in some other mode. If voidable, by certiorari; if void, by ejectment, bill to remove the cloud, or bill to quiet title. A bill to redeem proceeds upon the assumption that the purchaser has a valid, inchoate but defeasible title by virtue of the certificate, and the only issue which the court can entertain and decide is whether the right to redeem is still open to the complainants, they not having redeemed within sixty days after statutory service of notice to do so, and, if so, to decree redemption. Nugent v. Hayes, 94 N.J. Eq. 305; Milmoe v.Zimmerman, 95 N.J. Eq. 85; affirmed, 97 N.J. Eq. 326.
To maintain that they are not barred, the complainants contend that in foreclosing the right to redeem the defendant, Schaffer, failed to comply, in numerous respects, with the requirements of the Tax Sale Revision act of 1918 (at p. 883). The sale having been made under the act of 1903, the proceedings to foreclose were properly taken under that act. Moore Security Co. v. O.J.Hammel Co., 3 N.J. Adv. R. 128; 97 N.J. Eq. 292.
The only meritorious question raised is that Schaffer did not mail the notices to redeem. In the affidavits annexed to the certificates and filed and recorded therewith, he affirms he did, giving the particulars, in all manner conformable to the statute. Three of the complainants swear they did not receive the notices, although their post office addresses were as stated in the affidavit of service. What they say is not necessarily inconsistent with Schaffer's affidavit that he mailed them. Their denials that they received the notices, coupled with the presumption that a letter mailed reaches its destination (1Wigm. Ev. § 95), would, without more, justify the inference that they were not mailed, but Schaffer, at the trial, gave persuasive testimony that the notices were posted. *Page 34 
He, apparently, had no independent recollection of having done so, but testified from memoranda made at the time, which disclosed, even to the hour, the manner of mailing. He also produced numerous letters showing that he had made diligent inquiry for the addresses of the parties entitled to notice. This effort, of which the proof is not questioned, makes strongly for the truth of his story that he mailed the notices. On the other hand, the complainant Welles seems to have concerned himself much about the land or the taxes after 1913, when he had some financial trouble and went west, returning two years later. On June 28th, 1919, Schaffer wrote him that he had purchased one of the groups of lots, giving the items and sum necessary to redeem. Nothing happened until May, 1922, when Welles says he wrote Schaffer about the taxes. The question is at once suggested why, after the long indifference, did he write, and was it because he received the notice to redeem the preceding month? The other two complainants were quite as unconcerned as Welles. They were drafted into this suit by him. There is no question as to the honesty of their testimony, but it cannot be taken at face value. They may have received the notices, and, uninterested as they were at the time, may have forgotten. However this may be the force of their testimony is in a great measure neutralized by that of Schaffer, and not of weight sufficient to overcome the presumption of truth given to the statutory affidavit, that Schaffer made service as the statute requires. The act makes the notice and affidavit and the record thereof presumptive evidence of the service and facts therein stated, and the statutory service, statutorily established, not actual service, effectuates the bar. The prayer for relief as to the two groups of lots sold to Wiltsie and transferred to Schaffer will be denied.
The certificate of sale of the group of lots sold to Schaffer, direct, describes the property as "Block 10, lots, parts, 1, 2, 3, 4, 5 and 6 Loraine." The certificate is, no doubt, void for uncertainty. The notice calls on Welles and others, to redeem lots 1, 2, 3, 4, 5 and 6 — not parts of lots. This is fatal to the foreclosure, and complainants are entitled to redeem as to *Page 35 
them. Black Tax T. 414; Poindexter v. Doolittle, 54 Iowa 52.
The court will seize upon the slightest flaw of substance in tax sales to restore property to the owner. The judicial attitude towards tax sales is reflected in the principle reiterated by Vice-Chancellor Lewis in Harrington v. Horster, 89 N.J. Eq. 270.
"The sale of land for non-payment of taxes is such an extreme interference with private property that the law guards the rights of the owner with the utmost care. The due performance of every step in the proceedings, even in the most minute particulars, is a condition precedent to the validity of the sale, and the deed to the purchaser must contain all the statutory requirements. Lyon v. Alley, 130 U.S. 177; Brown v.Veazie; 25 Me. 359; Wilson v. Doe d. Bell (Va.), 7 Leigh22."
Decree accordingly.