This bill is for partition or sale of land lying in the great meadows at Newark, which in 1836 belonged to Demas Colton, Jr., and Stephen B. Alling, and the title has since passed to their respective descendants. Jane L. Alling Parkhurst, one of the daughters of Stephen B. Alling, took by devise under her father's will and conveyed her share to the complainant July 29th, 1925. The defendants are the remaining descendants, and Stuart Lindsley, the holder of a tax title in fee under the Martin act, by deed from the comptroller of Newark to Florence E. Cahill, December 29th, 1907, and by her conveyed to Lindsley. As to Lindsley, the bill prays to redeem the property from his tax sale upon the ground that his deed is invalid, because, as alleged and admitted, no notice to redeem was served upon the complainant's grantor. The complainant has tendered the amount of tax and expense to the comptroller to redeem as provided by the act. Under the statute an owner may redeem at any time before the expiration of six months after service of notice to redeem (Comp. Stat. p. 5214), and if not redeemed within six months the comptroller may execute a deed to the purchaser upon proof of service of notice to redeem. Comp. Stat. p. 5212.
Lindsley objects to the jurisdiction of the court to decree a redemption, contending that his deed conveying the fee is conclusive in this suit and cannot be challenged for irregularity in the proceedings upon which it is founded, except bycertiorari to set it aside. He relies on sections 14 and 15 *Page 89 
of the Sale of Land act, the first of which provides that the recitals in certain official deeds shall be prima facie
evidence of their truth, and the second, that these provisions shall apply to deeds made by municipal authority, such as the deed here in question, and, further, that "the proceedings upon which such deeds, declarations of sale and conveyances are founded shall not be subject to be questioned collaterally, but may be at any time reviewed by certiorari or other proper proceeding in the supreme or circuit courts. The limitation uponcertiorari is eighteen months (Comp. Stat. p. 254), and the complainant is barred of that mode of redress. That, however, is not a ground for relief in this court. Nugent v. Hayes,94 N.J. Eq. 305. The quoted language of the statute is not to be as broadly construed so as to conclude all parties to the deed, except on certiorari. It refers only to municipal action leading up to and including the sale, and not to proceedings by the purchaser, after the sale, to bar the right of redemption. InWoodbridge v. Allen, 43 N.J. Law 262, Mr. Justice Depue pointed out the reason for the legislation to be, to more conveniently try the title to land in ejectment, based upon a tax sale, by accepting the recitals in such deeds at their face value, and to require attack upon the validity of the deed, because of "irregularities and informalities in the proceedings upon which the same was founded," which theretofore were triable in the ejectment suit, and often resulted in loss to the public of the tax to be made by certiorari. In Nugent v. Hayes,supra, the order of the circuit court directing a deed to be executed by the comptroller was set aside for fraud. In Milmoe
v. Zimmerman, 95 N.J. Eq. 85, it was held that the proceedings leading to the sale were reviewable on certiorari only, and that those subsequent to the sale tending to bar the right of redemption may be questioned on a bill to redeem. In that case the sufficiency of the notice to redeem was examined and decided, and the decree was affirmed by the court of errors and appeals.97 N.J. Eq. 326. In Wells v. Schaffer, 98 N.J. Eq. 31, the notice to redeem was held by this court to be defective and not to foreclose the right to redeem. In Mackie v. Cain,92 N.J. Eq. *Page 90 631, cited by Lindsley's counsel the court of errors and appeals criticised this court for passing upon the validity of the proceedings upon which a tax sale under the Martin act rested, not the subsequent proceedings to bar the right to redeem.
But the complainant does not attack the proceedings on which the deed is founded. His position is that it is admitted and the comptroller's deed shows on its face that the complainant's grantor was not served with notice to redeem, and, therefore, the deed is invalid as a conveyance of her interest. Notice and default are indispensable conditions to the divestiture of title by deed under the tax sale. The comptroller's deed operates as a bar only upon owners who have been served in the manner required by the act with notice to redeem, and who have defaulted. As to those not served, the deed is ineffective, and as to them the purchaser at the tax sale has but a tax lien which may be redeemed. The deed may be likened to a decree in foreclosure against defendants who were not served with process. As to them the decree is invalid and may be attacked anywhere and at all times, while as to those served it is an effectual bar.
The complainant is entitled to redeem, and the sum required for that purpose, together with all the taxes paid by him since, will be proportionately charged against the various interests. A reference will be ordered to determine the ownership of the fractional interest. Lindsley will be credited with the interest of those who were served with notice to redeem, and, consequently, barred.
The defendant Lindsley also objects that the complainant is in laches. He failed to give notice of the tax sale, and it does not appear that complainant's grantor otherwise had knowledge of it. He cannot complain on that score. *Page 91