I filed a memorandum of my decision in the aforesaid matter July 19th, 1927. Subsequent thereto, John D. Craven, Esquire, representing L. Edward Herrmann, Esquire, solicitor of the complainants, appeared in court, with Matthew J. Tackella, Esquire, representing the solicitors of the defendants, and stated that he was of the impression that I had not before me for my consideration, prior to the determination of said matter, certain records of the Jersey City clerk's office, which it was agreed between counsel should be submitted to me as exhibits in the cause. I afforded counsel the opportunity of submitting to me such records of the city clerk's office of Jersey City, having reference to the case sub judice, which counsel considered were not previously furnished to me. Mr. Craven, thereafter, on November 1st, 1927, submitted to me copies of notices to redeem, relating to lots 275 and 276 in block 781, which, from affidavits annexed thereto, appear to have been mailed to "Henry W. Pychlau or Pychlan," "Delia Pychlau or Pychlan," "Annie Pychlau or Pychlan" and "Elwyn Pychlau or Pychlan" — Mitau, Russia, dated "Jersey City, January 26th, 1891," and signed "Henry A. Gaede, Purchaser, No. 372 Central avenue, Jersey City, N.J.," also copies of notice, directed to the aforesaid parties, as published in the Jersey City News for six weeks successively at least once each week, commencing on the 23d day of January, 1891, together with affidavit of C.J. Milton relating thereto, bearing date August 1st, 1891. Copies of such papers were submitted to me, together with other exhibits prior to my consideration of the matter sub judice. I considered they had been offered and admitted in evidence.
In the memorandum heretofore filed it clearly appears that the notices to redeem alleged to have been given to the defendants Henry W. Pychlau, Delia Pychlau, Annie Pychlau and Elwyn Pychlau were mailed to them as "Henry W. Pychlau or Pychlan," "Delia Pychlau or Pychlan," "Annie Pychlau or Pychlan" and "Elwyn Pychlau or Pychlan," at Mitau, Russia, though there is nothing contained in the proofs indicating that either of said parties resided, or had their post office address at *Page 156 
Mitau, Russia. The proofs clearly evidence that the aforesaid defendants were residents of "City of Milan, County of Gurania, Empire of Russia," and that such was their post office address. It is manifest, therefore, that the statutory requisites as to notice to parties in interest — who, in this case were heirs-at-law of Delia Pychlau, owner of record of the lands and premises sub judice — were not complied with, and, as stated by me in my original memorandum, upon the authority of Nugent v.Lindsley, 100 N.J. Eq. 87, "notice and default are indispensable conditions to the divestiture of title by deed under the tax sale. The comptroller's deed operates as a bar only upon owners who have been served, in the manner required by the act, with notice to redeem, and who have defaulted. As to those not served, the deed is ineffective, and as to them the purchaser at the tax sale has but a tax lien which may be redeemed. The deed may be likened to a decree in foreclosure against defendants who were not served with process. As to them, the decree is invalid and may be attacked anywhere and at all times, while as to those served it is an effectual bar."
No intendment will be made in favor of the legality of tax sale proceedings. The burden of showing compliance with the law is on the purchaser. State, Baxter, Prosecutor, v. Mayor andAldermen of Jersey City, 36 N.J. Law 188 (at p. 192).
I reaffirm the conclusions stated by me in the memorandum heretofore filed, and will advise a decree accordingly, with costs to the defendants. *Page 157