This bill is filed to redeem a tax sale in fee of three small houses and four lots in Dark Lane, Linden, sold August 4th, 1914, for a tax assessment of $36.92, interest and costs, levied by the township of Linden, Union county, the previous year against Henry McCandless, the owner. The property was assessed at $3,550; its value was $5,000. It was free of encumbrance. *Page 171 
A certificate of sale was delivered to the purchaser, Schaffer, and he, after the expiration of the time limit for redemption, recorded the certificate with proof of service of notice to redeem, and of failure to redeem, in the county clerk's office. The formality of the certificate of sale and of the notice to redeem is not disputed.
The bill raises the single issue, that notice to redeem was not served. The statutory method of service is, if the owner resides out of the taxing district, personally or by mailing to his post office address. The affidavit of service of the notice to redeem, recorded with the certificate of sale, discloses that Ruth Walsh, agent of Schaffer, October 2d 1915, "mailed a duplicate of the within notice to redeem addressed to Henry McCandless, 835 Summer street, Elizabeth, N.J." The proof of service is defective in that it is not made to appear that 835 Summer street, Elizabeth, New Jersey, was the post office address of Henry McCandless. Sections 56 and 59 of the Tax act (Comp. Stat. pp. 5135, 5139) provide that after the time to redeem has expired, the purchaser may annex the proof of service and of failure to redeem to the certificate of sale and record them as a deed or conveyance, and that the notice and affidavit and the record thereof shall be presumptive evidence of the service and facts therein contained, and that the certificate shall be presumptive evidence of the title of the purchaser. That means that the record in all its essentials must be statutorily perfect to raise the presumption. Here, the defective proof of service invalidates the certificate of sale as presumptive evidence of title and renders abortive Schaffer's record title as a defense to the right to redeem. It does not follow, however, that the right to redeem exists. The right is barred, not by a perfect record title, but by the failure to redeem within the time limited by law, after notice. An owner has two years from the date of sale in which to redeem, provided sixty days' notice to redeem be given within that time, and, thereafter, sixty days after notice. Thereafter, the statute says, "the right of redemption shall be barred." The purchaser's title is thenceforth absolute and he may make it a matter of record by recording the certificate, proof of service and proof of failure to redeem, and the record *Page 172 
is his deed or conveyance and presumptive evidence of a valid legal title. The presumption not prevailing here, the burden is on Schaffer to prove that the right to redeem has been barred by proper service of notice.
The defective affidavit of mailing is not available as evidencepro tanto of its contents. The presumptive evidence "of the service and facts therein stated" obtains only where all the statutory requirements have been complied with to constitute the record a deed or conveyance of title. Short of this the affidavit is not evidential. It is proved that 835 Summer street, Elizabeth, New Jersey, was the post office address of Henry McCandless. But Miss Walsh, Schaffer's clerk, who made the affidavit of service, has no independent recollection of mailing the notice. Her affidavit and notes made by her of the mailing do not revive her memory. Schaffer was in the business of buying tax titles, and she prepared and mailed many notices to redeem and can speak only of her common practice; that, as to those she sent, she addressed the envelopes, enclosed the notices, stamped the envelopes and put them in the post office, and after mailing made a note on a copy of the notice of what she had done. A note appears on the McCandless copy "mailed to Henry and Ella McCandless, 835 Summer street, Elizabeth, N.J., October 2d 1915, R.W.," and she says that ordinarily she would send one envelope to each party, one notice in each envelope, as far as she remembers, but she has no memory of doing so in this instance. The verity of this mute testimony is somewhat shaken by the fact that making of the memorandum was routine, and, in the multitude of notices mailed, this one may have fallen by the wayside. The presumption that a letter duly mailed reaches its destination, conversely justifies the inference that if it was not received it was not mailed. However, the memorandum contemporaneously made is evidence of the contents (Myers v. Weger, 62 N.J. Law 432), viz., that the notice was mailed to Henry and Ella McCandless, to both, not to each. This is not a compliance with the statute. The legislative intent is that notice should be brought home to the owner before divesting him of his property, and in providing the precarious method of sending notice by mail, it required the letter be addressed to him at *Page 173 
his address, to insure delivery to him. It is only when so addressed that it will be presumed to have been received. A combination address such as here employed was notice to the one to whom it was delivered to the exclusion of the other, and may account for the failure of Henry McCandless to receive it, for about that time he was in domestic difficulty, later resulting in divorce proceedings, and he says that he was "floating," that he spent little time at home, but got his mail there; and when he found that his letters were being opened by his family he put up a letter box in a carpenter shop in the rear of his home, where he directed his mail be delivered. In all likelihood, if it was mailed, Mrs. McCandless got the letter and kept it as her own, as was her privilege.
McCandless says the notice was not received by him, and this is believable, for when the property was again sold for taxes in 1915 he, at the sale (he got there too late to prevent it), redeemed it, and it is a fair assumption that he would have been even more eager to redeem the earlier sale, which created a more imminent jeopardy. McCandless claims to have been unaware that his property had been sold for taxes in 1914, and to Schaffer, and color is given to this by his redemption of the 1915 sale. And it is inferable that Schaffer suspected as much, for he was at the 1915 sale and when McCandless protested against paying the costs of redemption remarked to him that it was too small to talk about and that he might as well pay it. Schaffer at that time gave no intimation of his own lien or ask for payment, and later, if he sent the notice, he must have surmised that it had not come to hand for the two saw each other often and he never made mention of it. There was, of course, no legal duty on Schaffer to demand redemption other than by the statutory notice. It was his privilege to silently stand on his strict legal right, and, by the same rule must be held to a discharge of his strict legal duty. In that he has failed. The courts will seize upon the slightest flaw of substance in tax sales to restore property to the owner, on the principle that "the sale of land for non-payment of taxes is such an extreme interference with private property that the law guards the rights of the owner with the utmost care. The due performance of every step *Page 174 
in the proceedings, even in the most minute particulars, is a condition precedent to the validity of the sale, and a deed to the purchaser must contain all the statutory requirements."Harrington Co. v. Horster, 89 N.J. Eq. 270.
The defense of laches is interposed. McCandless did not pay the taxes for 1915 and 1916. He was then in the throes of a divorce suit, and was distracted. In 1917 he learned of Schaffer's purchase and enlisted the friendship of Judge Gilhooley, whose office offered to redeem, but Schaffer refused, saying it was too late, offering, however, to sell for $3,000. After negotiations this suit was filed and tried June 4th, 1919. Briefs were submitted in 1928. Now, upon what theory should the client, the victim of procrastinating counsel — (not present counsel) — be penalized? Either side could have brought on the argument. The complainant is entitled to redeem.