According to the complainant's brief this is a bill to quiet title, but without this information it would be difficult to recognize it as such. The bill, schedules and affidavits thereto annexed comprise forty pages of typewritten matter — the description of the property involved not more than two lines of one page. It is based on three certificates of tax sale, the first for a term of years; the second in fee, but unrecorded, and without any proceedings having been taken to perfect the title; and the third in fee with an abortive attempt to perfect title. Obviously, the first two cannot afford a basis for a bill to quiet title. The third, under proper allegations in the bill, might afford such basis, but in view of what appears in the schedules indicating the proceedings taken to bar the right of redemption, the bill must fall. The defects in those proceedings *Page 394 
appearing on the face of the bill, the facts alleged cannot be considered even as presumptive proof of complainant's title.Henry C. McCandless, Inc., v. Schaffer, 103 N.J. Eq. 170.
The facts in the cause were stipulated in open court and there is a complete failure of proof of such jurisdictional facts as would justify a decree to quiet title. The bill must be dismissed.
The answer to the bill is also an unusual form of pleading, but may be accounted for by the nature of the bill itself. There is a separate and distinct counter-claim presented, praying redemption, filed somewhat later than the answer. This is also unusual in form but under the circumstances may be considered and maintained as an original bill to redeem, it being conceded by both counsel that it and complainant's answer thereto raise the real issue in this suit, namely, the right of the defendant realty company to redeem.
As to the second certificate of tax sale there can, of course, be no argument, as no attempt to perfect title under it was made. As to the other two certificates, there are so many defects in the proceedings to perfect title, which was attempted by notice under the statute, that it would be a waste of time to recount them all. I need mention but one. The affidavit of service of notice to redeem is fatally defective in that it does not show that the defendant owner resided out of the taxing district; or at the address to which the notice was alleged to have been mailed; or that the affidavit was properly mailed; or any facts from which the receipt of the notice by the owner might be presumed. The procedure to bar the right of redemption as prescribed by the statute must be strictly pursued. Harrington
v. Horster, 89 N.J. Eq. 270; Welles v. Schaffer, 98 N.J. Eq. 31; McCandless v. Schaffer, supra.
The defendant realty company may redeem and there will be a reference to a master for an accounting. The sales were in 1915, 1916 and 1917, under the 1903 Tax act, and the laws in force at that time will govern as to the amount required for redemption.Rodgers v. Cressman, 98 N.J. Eq. 209. *Page 395