This is a suit to redeem certificates of tax sales under the authority of the Tax act of 1903. P.L. 1903 p. 394.
Notwithstanding the allegations of the bill of complaint, and proofs thereunder, the solicitor of the defendant after the hearing made known to the court that he controverted only the complainant's right to redeem certificate of tax sale relating to the premises numbers 900 and 902 West Grand street. He conceded complainant's right to redeem certificates of tax sales relating to other properties mentioned in the complainant's bill. The only controversy as to certificates of tax sales relating to the Pennington street lands is whether the defendant is indebted to the complainant for payment made by the latter on redemption of tax sales certificates Nos. 260 and 719. The complainant urges that the defendant is not entitled to payment of any interest thereon. It appears that the defendant exacted from the complainant payment of approximately $40.51. The determination as to whether the complainant is entitled to redeem the certificates of tax sales relating to the aforesaid West Grand street premises depends principally upon the facts as evidenced by the testimony of the several witnesses. The testimony of complainant's witnesses, in my judgment, is more credible than the testimony of defendant's witnesses. The trier of facts is the judge of the credibility of witnesses and does not have to believe a particular witness or witnesses. Riehl v. Riehl, 101 N.J. Eq. 15
(at pp. 22, 23). I am convinced that the complainant's activities toward effecting a redemption of the tax sale certificates in question, as evidenced by the proofs herein, suffice to evidence compliance with the requisites of the law cast upon him in such respect. A court of equity will seize upon the slightest flaw of substance in tax sales to restore property to the owner. Welles v. Schaffer, 98 N.J. Eq. 31 (at p.35); Henry C. McCandless, Inc., v. *Page 280 Schaffer, 103 N.J. Eq. 170. In Harrington Co. v. Horster,89 N.J. Eq. 271, this court held: "The sale of land for non-payment of taxes is such an extreme interference with private property that the law guards the rights of the owner with the utmost care * * *." The affidavits relating to service of notice to redeem appear to have been taken before one Mabel Seibert, who, by such name, was commissioned a notary public of New Jersey. She was married on August 16th, 1919. The jurat to the affidavits purporting to be proofs of service and non-redemption were signed by her as Mabel Seibert Graff, notary public. In the absence of statutory authority the person commissioned as notary public under the name of Mabel Seibert was unauthorized to sign her name to jurats to affidavits as "Mabel Seibert Graff, notary public," and consequently the purported affidavits must be regarded as a nullity. Women may be appointed and commissioned as notaries public (3 Comp. Stat. p. 3761 § 211) but they can only act as such in their name as appointed and commissioned. I am constrained to consider that if the legislature contemplated the continuance of authority of a feme sole appointed notary public, after her marriage, legislation would have been enacted such as relates to women appointed and commissioned as masters in chancery and/or attorneys or counselors-at-law. P.L. 1923 pp.265, 266. The complainant is entitled to redeem the certificates of tax sales in question and I will advise a decree to effectuate such redemption. If the parties cannot agree upon the amount required to be paid by the complainant to the defendant for the redemption of the premises numbers 900 and 902 West Grand street, and the amount to be repaid by the defendant to the complainant, if any, with respect to the certificates of tax sales Nos. 260 and 719, I will refer the matter to a master for computation and with direction to report to the court as promptly as possible. *Page 281