This is a suit to foreclose defendants' right to redeem a certificate of tax sale. The facts stated herein are based upon the pleadings, and upon conceded facts set forth in briefs of counsel for the respective parties, upon which the matter subjudice was submitted to the court for determination. The defendants are entitled to redeem, and I will advise a *Page 242 
decree accordingly. The complainant's bill prays that the defendants or one of them may be decreed to pay to complainant the amount found due to her, with interest and costs, and in default thereof the defendants stand debarred and foreclosed. The amount required to redeem, according to master's report filed March 23d 1929, is $108.71. The bill of complaint is based uponP.L. 1919 p. 564, amending section 49 of the Tax act of 1918 (P.L. 1918 p. 897), which provides:
"The purchaser, or his heirs or assigns, in addition to the foregoing remedy, and at anytime after the expiration of the term of two years, whether notice to redeem has been given or not, may file a bill in equity to foreclose the right of redemption, but on filing such bill the right to redeem shall exist and continue until barred by the decree of the court of chancery, * * *."
The complainant must be content with the grant of her prayer for relief wherein she asks that the defendants pay the amount found due to her. Bourgeois v. Risley Real Estate Co., 82 N.J. Eq. 211.
The pleadings and briefs aforesaid show that on November 5th, 1923, the tax collector of the borough of Linden sold to said borough the premises described in the bill of complaint for the sum of $20.08, representing the amount of the unpaid taxes for the year 1922, together with interest and costs of sale. A certificate of sale was delivered to said borough. On August 5th, 1926, the (borough) city of Linden assigned said certificate to Saul A. Wittes who subsequently assigned same to the complainant herein. The affidavit attached to the bill, made by the solicitor of the complainant, recites that: "He has made diligent and careful inquiry for the address of the aforesaid defendants as mentioned in said bill and has been informed that they resided at one time at No. 68 Green street, New York City. Deponent further says that he has made a careful and diligent inquiry and has been unable to ascertain whether the said defendants are still alive or in the case of death of one, whether the survivor has remarried, or is still unmarried, or if both have died, has been *Page 243 
unable to ascertain their respective heirs, devisees and personal representatives, their names and addresses or such who would be proper parties defendant to this suit. Deponent has made such inquiry and prosecuted the same in any and every way, manner and direction, whereby deponent thought it might be possible to gain such information." A further affidavit, made by the same solicitor, intended as "proof of inquiry and mailing" in the instant foreclosure suit, recites in part as follows: "I was informed by the tax collector's office of the city of Linden that the said defendants resided at No. 68 Green street, New York City, and to which address I forwarded a copy of the notices of this suit to each of said defendants, but both of these notices were returned `cannot be found.' The latter mentioned affidavit was filed as a basis of publication proceedings against the defendants, because of the fact that process of subpoena issued on January 17th, 1927, directed to the defendants, was returnednon est. Such affidavits are clearly insufficient in law upon which to predicate divestiture of defendants' title to the lands described in the complainant's bill of complaint. The pleadings and briefs aforesaid likewise disclose that the defendants for a period of approximately twenty-five years, and until the year 1924, resided at No. 68 Green street, Jersey City, New Jersey, and that in the year 1924 they removed to No. 250 Clinton avenue, Jersey City, New Jersey. The aforesaid Green street address of defendants was on file in the office of the tax collector of the (borough) city of Linden. The defendants had no notice or knowledge of the tax sale and proceedings thereunder, nor of the foreclosure suit sub judice until after the entry of the exparte decree therein, which, upon petition of the defendants, was opened for the purpose of enabling them to file an answer in the suit, and to redeem the certificate of tax sale as prayed by the complainant. The proceedings followed by the defendants in the case sub judice to effect an opening of the ex parte
decree entered against them appear to be substantially such as followed in the case of Schaffer v. Hurd, 98 N.J. Eq. *Page 244 143. It is clearly manifest to me from the pleadings and briefs aforesaid that if reasonable diligence was exercised by the complainant, or by some one acting in her behalf, the defendants' place of residence could have been readily ascertained and process of subpoena served upon them. A court of equity will seize upon the slightest flaw of substance in tax sales to restore property to the owner. Welles v. Schaffer, 98 N.J. Eq. 31
(at p. 35); Henry C. McCandless, Inc., v. Schaffer,103 N.J. Eq. 170. In Harrington Co. v. Horster, 89 N.J. Eq. 271,
this court held: "The sale of land for non-payment of taxes is such an extreme interference with private property that the law guards the rights of the owner with the utmost care * * *." No intendment will be made in favor of the legality of tax sale proceedings; the burden of showing compliance with the law is cast upon the purchaser. State, Baxter v. Jersey City,36 N.J. Law 188 (at p. 192). Notice and default are indispensable conditions to the divestiture of title under a tax sale. Nugent
v. Lindsley, 100 N.J. Eq. 87 (at p. 90). It is a well-established rule that every requirement of the law relating to the sale of land for the non-payment of taxes, prescribing the procedure which tends to the security of the property owner, or for his benefit, must be strictly conformed to. It is urged in behalf of the complainant (relying upon P.L. 1928 p. 382) that this court was not warranted in entertaining an application to reopen the ex parte decree entered against the defendants in the above-stated cause on May 6th, 1927, and permitting the defendants to file an answer to the complainant's bill, because more than three months had elapsed after said decree was entered, and furthermore that the court was without authority to reopen said decree for the purpose of enabling the defendants to file answer to the complainant's bill, and to redeem the tax sale certificate. I deem it unnecessary in the matter sub judice to comment upon the aforesaid legislative act, and its applicability to the case sub judice, for the reason that I am of the opinion that this court was not only clearly within its right to entertain the defendants' application to *Page 245 
reopen the aforesaid ex parte decree for the purposes aforesaid, but, in addition thereto, if the complainant considered herself aggrieved by the order bearing date June 11th, 1928, granting such relief to the defendants, was privileged to appeal therefrom. She undertook so to do. A notice of appeal was filed June 21st, 1928. An amended notice of appeal was filed July 19th, 1928. On October 17th, 1928, the court of errors and appeals dismissed the appeal for reasons stated in the order of dismissal. It is now too late for the complainant to question the authority of this court to make the order complained of, or to urge such questions as she may have urged preceding the making of such order, and upon appeal therefrom. The case sub judice is not analogous to the case of Milmoe v. Zimmerman, 97 N.J. Eq. 326. *Page 246