This is a suit to redeem certificates of tax sales made November 12th, 1927, under the authority of the Tax act of 1903.P.L. 1903 p. 394. The solicitor of the defendant, after the hearing, made known to the court that he did not controvert the complainant's right to redeem certificate of tax sale relating to the premises Nos. 190 and 192 William avenue. He conceded complainant's right to redeem such certificate. The proofs manifest that the defendant did not strictly comply with essential statutory requisites in his endeavor to perfect title to the property in question. The notice of redemption alleged to have been served was not legally served upon the complainant. Notice to redeem claimed to have been mailed to or served upon anincorporator is of no legal effect. Service upon anincorporator is not service upon a corporation. Section 59 ofP.L. 1903 p. 394 provides for service of notice to redeem on "all persons interested in the land of their right to redeem." Personal service is required on persons interested who reside in the taxing district. Persons interested who reside out of the taxing district may be served personally or by mailing to their post office address if it can be ascertained, and by posting on the premises sold, if it cannot be ascertained. Service of notice to redeem on the complainant is alleged to have been made upon a person described as an incorporator. The proofs show that *Page 268 
the corporate franchise of complainant, because of failure to pay franchise tax, was revoked by proclamation of the governor. P.L.1918 p. 1235. The notice to redeem is claimed to have thereafter been served upon the complainant. The corporate franchise was reinstated in 1926. The proofs show that Charles L. Bauer, Jr., as agent of the defendant, on October 22d 1919, served a notice to redeem on "Elizabeth Heights Realty Company, by leaving the same with William J. Shearer, Incorporator, at his home No. 1100 Anna street, Elizabeth, N.J.," and that the defendant mailed duplicate notices to redeem to complainant, one "in care of Mrs. Charles S. Wood, Incorporator, 510 West One Hundred and Thirty-fifth street, New York," and the other "in care of A.W. Possell, Incorporator, 435 East Sixty-sixth street, New York." Anincorporator, like a shareholder of a corporation, is not to be regarded in privity with the corporation, and even though a notice be served upon him affecting the interests of the corporation, he is not under a special duty of communicating such notice to the corporation, and such service is not notice to the corporation. 10 Cyc. 1061. A court of equity will seize upon the slightest flaw of substance in tax sales to restore property to the owner. Welles v. Schaffer, 98 N.J. Eq. 31 (at p.35); Henry C. McCandless, Inc., v. Schaffer, 103 N.J. Eq. 170.
In Harrington Co. v. Horster, 89 N.J. Eq. 271, this court held — "The sale of land for non-payment of taxes is such an extreme interference with private property that the law guards the rights of the owner with the utmost care * * *." No intendment will be made in favor of the legality of tax sale proceedings; the burden of showing compliance with the law is cast upon the purchaser. State, Baxter v. Jersey City,36 N.J. Law 188 (at p. 192). Notice and default are indispensable conditions to the divestiture of title under a tax sale. Nugent
v. Lindsley, 100 N.J. Eq. 87 (at p. 90). It is a well established rule that every requirement of the law relating to the sale of land for the non-payment of taxes, prescribing the procedure which tends to the security of the property owner, or for his benefit, must be strictly conformed to. The action of the defendant in endeavoring to *Page 269 
perfect the affidavits filed by him with the register of deeds of Union county years after they were filed, and the action of said register in permiting the papers filed with him, of which such affidavits formed a part, to be taken from his files and mutilated, and in permitting affidavits attached to certificates of sale to be detached therefrom, and in permitting an additional affidavit (referred to in the testimony of the register asexplanatory) to be attached to the papers originally filed, in an endeavor to perfect imperfections in the affidavits originally filed, is not only reprehensible, but clearly illegal. The register himself would be unauthorized to make the changes in the instruments filed with him which he permitted the defendant to make. The effect of the register permitting the defendant to mutilate the instruments filed with such officer is to invalidate such instruments. That the defendant appreciated the invalidity of his tax sale proceedings in the case sub judice is evidenced by the fact that shortly prior to the hearing of the case he undertook to correct the proceedings in the manner above mentioned. The affidavits relating to service of notices to redeem appear to have been taken before one Mabel Seibert, who, by such name, was commissioned a notary public of New Jersey. She was married on August 16th, 1919. The jurat to the affidavits purporting to be proofs of service and non-redemption were signed by her as Mabel Seibert-Graff, notary public. In the absence of statutory authority the person commissioned as notary public under the name of Mabel Seibert was unauthorized to sign her name to jurats to affidavits as "Mabel Seibert-Graff, notary public," and consequently the purported affidavits must be regarded as a nullity. Women may be appointed and commissioned as notaries public (3 Comp. Stat. p. 3761 § 211), but they can only act as such in their name as appointed and commissioned. I am constrained to consider that if the legislature contemplated the continuance of authority of a feme sole appointed notary public, after her marriage, legislation would have been enacted such as relates to women appointed and commissioned as masters in chancery and/or attorneys or counselors-at-law. P.L. 1923 pp. *Page 270 265, 266. The testimony of the several witnesses is conflicting. The testimony of the witness for the defendant impressed me, in many instances, as being quite incredible. The testimony of complainant's witnesses in my judgment is more credible than the testimony of defendant's witnesses. In Riehl
v. Riehl, 101 N.J. Eq. 15 (at pp. 22, 23), Chancellor Walker indicated the settled rule of law to be that "the trier of facts is the judge of the credibility of witnesses and does not have to believe a particular witness or witnesses. * * * And the trier of the facts, whether court or jury, has the right to discredit altogether the testimony of a witness, where there is reason therefor, and to disbelieve him. The court of errors and appeals has held that the jury [and in chancery the court sits as the jury, in other words, tries the facts], are at liberty to discredit and reject certain testimony. State v. Lanto,99 N.J. Law 94." The complainant is entitled to redeem the certificates of tax sales sub judice, and I will advise a decree accordingly. If the parties cannot agree upon the amount required to be paid by the complainant to the defendant to effectuate such redemption, the matter will be referred to a master for computation, with direction to report to the court as promptly as possible. *Page 271