## KEAN and others vs. ASCH.

The defendant purchased the interest of the city of Elizabeth in a certain alley and other lands, which interest had been purchased by the city at a sale under the charter for the non-payment of assessments for municipal improvements. He then commenced the erection of a building on and across the alley. The alley had been an open private way for forty years, and was the only means of access to the rear of the complainants' lots, except through their dwellings. Neither of the assessments was made upon, nor was any notice given to, any one as the *owner* of the property, as required by the charter. Upon bill filed to restrain the erection of the building on the alley, the defendant being a *bona fide* purchaser for valuable considera-

tion, *decreed* that upon the complainants paying to him the amounts paid by him for the tax titles, with lawful interest from the time of purchase, the injunction would be made perpetual.

---

Bill for relief. On final hearing on pleadings and state of the case.

*Mr. J. R. English,* for complainants.

*Mr. R. E. Chetwood,* for defendant.

THE CHANCELLOR.

The bill is filed for an injunction to restrain the defendant from erecting a building on a lane or alley in Elizabeth, over which the complainants, who respectively own lots of improved land upon it, have a right of way in respect of their land. The defendant claims title to the premises in question under sales by the municipal authorities of Elizabeth, under their charter, for assessments upon the property for municipal improvements. Those improvements were the construction of a sewer and the paving of a street. The assessment for the construction of the sewer was ratified by the city council on the 6th of June, 1868, and the sale under it took place on the 6th of February, 1872. The amount for which the property was then sold was $58.50, the amount of the assessment, with interest and costs. The city became the purchaser for a term of fifty years. The premises were not redeemed, and the city sold their term in them to the defendant for the $58.50. The assessment for paving was ratified on the 30th of May, 1868, and under it the property was, on the 8th of September, 1874, sold to the defendant for a term of fifty years, for $155.76, the amount of the assessment, with interest and costs. When the bill was filed the defendant had begun the erection of a frame building on and across the alley. The charter of the city, as it stood when the assessments in question were made, directed that the cost, damages, and expenses of the construction of a sewer should be justly and equitably assessed

upon *the owners* of all the lands and real estate benefited thereby, in proportion, as nearly as might be, to the advantage each should be deemed to acquire, and that the costs and expense of paving should be assessed on *the owners* of lands and real estate on the line of the street or section of street paved. In case of the construction of a sewer, the assessment was to be made by commissioners, and in the case of paving, by the city surveyor. Notice of the assessment, of the time when it was made, and of the time and place when and where the parties interested could be heard in reference to it, was to be given by publication in a newspaper in Elizabeth, for one week. *Charter of Elizabeth,* §§ 101, 104, 105, 106, *Pamph. L.,* 1863, *pp.* 148, 149, 150. Neither of the assessments in question was made upon any one as the owner of the property. The notice of the assessment for the sewer stated no owner for the alley. It designated the property by the number on the assessment map, and as "lane." There was a like designation of another piece of property in the same notice, and there was another alley or lane also running as the alley in question does, from Mechanic street, which was also assessed for the same improvement. The notice of the assessment for paving contained no particulars of the assessment, and was substantially the same as that which was condemned in *State, Kellogg, pros.,* v. *City of Elizabeth,* 8 *Vroom,* 353. The case presented is appropriate for relief by this court. Were the defendant to be permitted to erect his building across, and so to shut up the alley, it would inflict irreparable damage on the complainants. The alley is twelve feet wide. It has been an open private way for about forty years. It is in the thickly settled and built up part of the city. The front of the lots of the complainants which are bounded in the rear by the alley, are entirely occupied with buildings, so that the complainants have no access for horses or carriages to the rear of their lots, except by the alley. On the lot of one of the complainants there is, and for many years past has been, a barn adjoining the alley, and to which he and those holding the barn under him have had access by the alley, and

except by the alley, he has no access to his barn without going over the land of others, or going through his dwelling-house. Another of the complainants has a large garden and grounds adjoining the alley, to which he has no access for horses and wagons except over the land of other persons, if deprived of the use of the alley. The title of the complainants to the easement of the alley is not denied. The tax titles cannot be sustained. It is enough on this head to say that neither the assessment nor the notice, in either case, is in conformity with the provisions of the charter. There was no assessment against, nor any notice to any person as the owner of the property, or of any interest therein. *State, Peters, pros.,* v. *Mayor, &c., of Newark,* 2 *Vroom* 360 ; *State, Kellogg, pros.,* v. *City of Elizabeth, ubi supra.* The defendant, however, is a *bona fide* purchaser of the tax titles for valuable consideration—the amount due on the assessments. He should be dealt with equitably. On the complainants paying to him the amounts paid by him for the tax titles, with lawful interest thereon from the time of his purchase thereof, the injunction will be made perpetual. No costs will be awarded.