JAMES W. FIELD

*v.*

THE INHABITANTS OF THE TOWNSHIP OF WEST ORANGE &C.

A township charter declared that taxes should be a lien on the lands assessed for three years from the 20th of May of the year in which the assessment was made. On June 8th, 1882, the township officials sold complainant's lands for taxes of the year 1879.—*Held,* on demurrer to a bill to quiet title, that complainant was entitled to relief in equity on the ground that the tax sale was *ultra vires.*

Bill to quiet title. On general demurrer.

*Mr. J. W. Taylor,* for demurrants.

*Mr. J. W. Field, in pro. pers.*

THE CHANCELLOR.

The bill, which is filed under the act to quiet titles, states that on the 8th of June, 1882, the collector of taxes of the township of West Orange sold the land of the complainant to the township for the taxes of the year 1879, and it prays that the complainant's title to the land may be established and the tax title declared null and void. The ground on which the title under the tax sale is thus assailed, is that, by the charter of the township (*P. L. of 1871 p. 367*), taxes are declared to be a lien upon the lands and real estate on which they are assessed for the space of three years from the 20th of May of the year in which the assessment was made, and therefore when the sale was made the lien had expired. The defendants, under their demurrer, insist that the complainant has a remedy at law, and that the jurisdiction of this court to relieve land from such titles as that in question is confined to cases where the proceedings have been taken under an unconstitutional law. But such is not the enunciation of the law on the subject in *Jersey City* v. *Lembeck, 4 Stew. Eq.*

*255,* where the question of jurisdiction was considered.   There the jurisdiction was upheld in cases where a sale has been made *ultra vires,* and it matters not whether it has been made under an unconstitutional law, or without a basis of lawful authority in any other respect.   In either case the proceedings are *ultra vires,* and therefore a nullity.   In the case just referred to, a distinction is suggested between the assumption of jurisdiction in proceedings under an unconstitutional law before sale and afterwards.   If, as contended by the. complainant, the sale in this case was made after the lien for the tax expired, the sale is as complete a nullity as it would have been had the law under which it was made been unconstitutional.   The sale of the land for the tax in such case was *ultra vires.*   It has been held that a sale under such circumstances would be without warrant of law. *Johnson* v. *Van Horn, 16 Vr. 136.*   This case is within the principles of the decision in *Jersey City* v. *Lembeck,* but the case of *Jewell* v. *West Orange, 9 Stew. Eq. 403,* cited in the brief of demurrant's counsel, was not.   This is a bill to quiet title. That was a suit for strict foreclosure.   The demurrer will be overruled.