Baldwin *v.* Elizabeth.

## George V. W. Baldwin

*v.*

## The City of Elizabeth.

1. A city charter limited to fifty years the term for which lands could be sold to the city to pay taxes. At such a sale, the city bought complainant's lands for a term of nine hundred years.—*Held*, that the statute (*P. L. of 1881 p. 194*) providing that no taxes &c. should be set aside for informalities &c., if the tax was in fact justly due, but that the court should make a new assessment, does not apply to a sale of lands for the enforcement of a tax, and therefore the court may decree such sale illegal, but as the tax itself was lawful, such decree will only be made on terms that the land-owner pay the amount of the tax, with interest thereon at the rate fixed by statute.

2. A city charter limited to four years the time a tax should be a lien on the land assessed, and the general tax law to two years.—*Held*, that the constitutional amendment "that property shall be assessed for taxes under general laws, according to its true value," did not apply to the city's lien as regulated by the charter.

3. If a land-owner has lost his remedy at law against an alleged unconstitutional assessment by his own laches, or might have had it rectified by arbitration, he cannot obtain relief therefrom in equity.

---

Bill to quiet title. On final hearing on pleadings, proofs and stipulations of counsel.

*Mr. W. P. Wilson,* for complainant.

*Mr. F. Bergen,* for defendant.

The Chancellor.

The bill is filed under the act "to compel the determination of claims to real estate in certain cases, and to quiet the title to the same."

With this case, several others, brought by other complainants against the same defendant, for like relief and under a similar state of facts, were argued. The questions presented under all of them will, for convenience, be considered and disposed of in

this opinion. The city sold land of the complainants for non-payment of taxes for years prior to 1879, for the term of nine hundred years, becoming itself the purchaser at the sale. It is insisted that such sales and the certificates made in pursuance thereof are nullities, because a sale of land to the city for unpaid taxes for a term exceeding fifty years is unauthorized by law.

The city sold land of the complainants for the unpaid taxes of 1879, and became itself the purchaser, and such sale was for a term of fifty years, but the complainants insist that the sale was made after the expiration of the lien for taxes given by law, and it appears that those taxes were assessed under an unconstitutional law. There are, upon the properties of the complainants, assessments for municipal improvements, laid by the city under the city charter, which provided for laying such assessments by a rule which was in contravention of the constitutional rights of the land-owners, and the assessments were so laid. It is insisted by the complainants that this court should declare that such assessments, for that reason, constitute no lien upon the lands. On the other hand, the city insists that this court ought not to declare the before-mentioned tax-sales and certificates null and void, except upon condition that the complainants respectively pay the taxes, with interest thereon, assessed against them respectively, for non-payment whereof their lands were sold.

The sales of land to the city for a term of nine hundred years for non-payment of taxes was unauthorized by law. *Schatt* v. *Grosch, 4 Stew. Eq. 199 ; Morgan* v. *Elizabeth, 15 Vr. 571.* It should be decreed, but on terms as hereinafter stated, that the sales and the certificates thereof convey no estate or interest in the property. The sales of land for the taxes of 1879 were for a term of fifty years. The tax was, however, assessed under an unconstitutional law. *Morgan* v. *Elizabeth, ubi supra.* The complainants insist that on that ground the sales and certificates for that tax should be declared null and void, and that it should be decreed that the tax is no lien or encumbrance upon the property. The complainants had a remedy at law by *certiorari. Rev. p.*

*1045* § *16 ; Morgan* v. *Elizabeth, ubi supra.*   If they have lost it, it is by reason of their laches.

The court has always been unwilling to interfere to restrain the collection of a tax which is illegal and void merely because of its illegality, but requires that there be some special circumstances attending the injury threatened to bring the case within some recognized head of equity jurisdiction.   *Dusenbury* v. *Newark, 10 C. E. Gr. 295 ; Bogert* v. *Elizabeth, Id. 426 ; Lewis* v. *Elizabeth, Id. 298.*   And in *Jersey City* v. *Lembeck, 4 Stew. Eq. 255,* it was expressly held that the act to quiet titles does not apply to cases where a party in possession of land can throw the hostile claim into a course of law, and thus get rid of the cloud upon his title, or, when, having had the power to do so, he has lost it by his inaction.

It is urged that the sales for the tax of 1879 were made after the expiration of the law.   The charter of the city provides that the tax shall be a lien for four years (the sale took place within that period), but the general law provides that the lien for unpaid taxes shall continue for two years.   Both provisions were in force when the amendments to the constitution were adopted, and it is argued that the provision of the constitution, as amended, that " property shall be assessed for taxes under general rules, according to its true value," by its own force abrogated the provision of the charter, and substituted for it that of the general law.   It is enough to say, upon this head, that the constitutional provision does not affect the mere machinery for the assessment or collection of taxes.   *Trustees &c.* v. *Trenton, 3 Stew. Eq. 667.*

As to the sales for nine hundred years above mentioned, the act, entitled " A general act respecting taxes, assessments and water-rates" (*P. L. of 1881 p. 194*), provides that no tax, assessment or water-rate shall be set aside or reversed for any irregularity or defect in form or illegality in assessing, laying or levying it, or in the proceeding for collecting it, if the person against whom or the property upon which it is assessed or laid in fact is liable to taxation, assessment or imposition in respect of the purposes for which the tax, assessment or water-rate is laid, assessed or imposed, but that the court shall make a new assessment &c.

Baldwin *v.* Elizabeth.

It does not provide that no invalid or unlawful sale for a lawfully imposed tax, assessment or water-rate shall be set aside. Nor does it provide that if the court shall set aside any such sale, it shall direct a new one or shall set it aside only upon terms of payment. It deals only with the tax, assessment or rate. And when the tax, assessment or rate has been lawfully laid, assessed or imposed, but the sale for it is a nullity, the statute has no applicability. To hold otherwise would, in effect, extend the lien given by law for such assessments indefinitely, and practically annul the limitation as to the term for which land may be sold for non-payment thereof. Such was not the intention of the legislature. But when, as in this case, the landowner seeks the aid of this court to relieve him from the tax-sale, and the tax is lawful, it is but reasonable that the court should, on the principle that he who would have equity must do equity, require, as terms of setting aside the sale and certificate, that he pay the tax and the interest thereon at the rate fixed, from time to time, since the tax was levied, by the general law of the state limiting the rate of interest upon contracts. *Gage* v. *Pumpelly, 115 U. S. 454.*

As to the assessments for municipal improvements, the act of 1881, entitled "An act concerning past due assessments in certain towns and townships of this state" (*P. L. of 1881 p. 38*), provides that the common council, board of township committee, or governing body of any town or township, may reduce assessments laid upon illegal and erroneous principles and without regard to the peculiar benefit derived by reason thereof, or may agree to arbitrate the assessments upon the application of the owner or owners of the property, and that if the common council, board of township committee, or other governing body, shall refuse to arbitrate, arbitrators may be appointed by a justice of the supreme court on like application. This beneficial and remedial act renders it unnecessary for the owner of land assessed under unconstitutional laws, for benefits for municipal improvements, to have recourse to equity for relief, and its provisions are so just and equitable that he should be required to obtain relief by application under it. See *Newark* v. *Schuh, 7 Stew. Eq. 262.*

The tax-sales for nine hundred years, and the certificates thereof, will be set aside upon terms that the complainants pay the tax and interest thereon as above adjudged.    The relief prayed as to the sales and the certificates thereof for the taxes of 1879, and as to the assessments for municipal improvements, will be denied.

No costs will be awarded to either side.