MOORE SECURITIES COMPANY, complainant-appellant,

*v.*

KARL SCHAFFER, defendant-respondent.

[Argued October 27th, 1924.   Decided January 19th, 1925.]

Where, under a bill to quiet title (*Gen. Stat. p. 3486*), complainant has established that he is in peaceable possession of the land in question, claiming to own the same, and that his title is denied or disputed, and no suit is pending to settle the validity of such hostile claim, the burden of establishing such adverse claim is on the person setting it up.

On appeal from a decree dismissing bill of complaint advised by Vice-Chancellor Ingersoll.

*Mr. Clarence L. Cole,* for the appellant.

*Mr. John S. Wescott,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

Complainant-appellant filed a bill to quiet title under the statute, alleging that the respondent, Schaffer, denied and disputed its title under a claim of having purchased the property at a sale for unpaid taxes and of having perfected title thereunder by service of the statutory notices, &c. Complainant admitted the tax sale, but averred that title had not been perfected thereunder, and tendered the purchase-money, with interest and costs.   Defendant alleged that title had been perfected under the tax sale and that the right of redemption was gone.   This was the issue at the hearing. Complainant's evidence was directed to the proposition that the notice of tax sale and to redeem, concededly framed and sent out under the act of 1903, had never been received at

its office in Philadelphia. Mr. Moore, president of complainant, testified that he had never seen such a notice, and his stenographer, Miss Taylor, gave similar testimony, but on cross-examination admitted that a Mr. Chew usually opened the mail and laid it on Mr. Moore's desk. Mr. Chew was not produced as a witness. Mr. Schaffer, the defendant, was sworn, and testified that he had no recollection of mailing any particular notice, and rested on the affidavit filed in the clerk's office pursuant to the statute. The affidavit is not before us.

It was conceded that complainant was in peaceable possession of the premises, and had the required status to file the bill. The vice-chancellor dismissed the bill, stating that "there was no convincing proof that the statutory requirement to foreclose the equity of redemption of the property had not been fully complied with."

In so doing, he placed the burden of proof on the wrong shoulders. The rule in suits to quiet title, laid down in a number of decisions in this court and in the court of chancery, is that where the jurisdictional facts are conceded or established, the burden of proof is on the person setting up the hostile claim to establish it by proof. *Ocean View Land Co.* v. *Loudenslager, 78 N. J. Eq. 571;* *Chandley* v. *Robinson (New Jersey Chancery), 75 Atl. Rep. 180,* no official report; *Graves* v. *Fancher, 81 N. J. Eq. 407, 517;* *Lambert* v. *Vare, 88 N. J. Eq. 81; affirmed, 89 N. J. Eq. 211.*

As there was no proof worthy of the name that defendant had perfected his tax title, complainant was entitled to stand on its conceded status and to a decree confirming the same.

The decree under review will be reversed and the cause remanded, with directions to enter a decree that complainant's title is good, subject only to the admitted tax lien.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Trenchard, Parker, Minturn, Black, Katzenbach, Lloyd, White, Gardner, Van Buskirk, Clark, McGlennon, Kays, JJ. 13.