The motion is to strike the bill which relates this story in two counts: The town of West Orange after duly passing an ordinance to lay water mains on Mount Prospect avenue, and another to make house connections, entered into two contracts with the Commonwealth Water Company, which owns the public water supply system of the town, one, that the water company extend its system through the avenue, the other that it make the connections, and in consideration agreed to deposit with the water company the sum of the cost of the work, less *Page 228 
a discount; and the mains were laid and connections made, and the deposit of $14,207.96 paid. The town is to be reimbursed to the extent of three and a half times the normal annual revenue from consumers for ten years; a deficiency will be the town's loss. The contracts were made without previous advertisement and without the authority of an ordinance. All this was early in 1925. The town later assessed the cost of the improvement on the adjoining property owners, some of whom are the complainants. The assessment was levied in October, 1927. By the first count the complainants sue as taxpayers of the town on behalf of the town, the town having refused to sue, for a recovery of the deposit, claiming that the contracts were ultra vires illegal and void and that the deposit in effect was a loan in violation of article 1, section 19, of the state constitution inhibiting municipalities giving or lending their money to corporations. The second count is in their individual capacity, the complainants claiming that the assessment was not levied for a public purpose and that it would result in taking their property without due process of law, and in denial of the equal protection of the law in violation of the federal constitution, and their prayer in that respect is that the town be restrained from enforcing the assessment and that it be declared illegal and be canceled.
The action in so far as it seeks a recovery of the deposit involves purely legal questions cognizable in the law courts. The illegality of the contracts and the unlawfulness of the appropriation of public funds in violation of the fundamental law are not for this court's consideration in the absence of some grievance or threatened injury that the law courts cannot relieve against. The remedy for the recovery of money fraudulently or otherwise unlawfully acquired and retained, though anciently invented by equity, has long since been provisionally relinquished to the law courts as those courts gradually extended relief in such affairs — the provision being that the remedy be adequate — and jurisdiction will not be exercised except in circumstances calling for this court's aid where the remedy at law is inadequate. Recovery of a fixed sum of money is common to the law courts and Krueger v. Armitage, 58 N.J. Eq. 357, is an apt illustration of the rule. *Page 229 
Formerly taxpayers had no standing to sue at law in behalf of municipalities for a recovery where the officials failed to act and of necessity had to resort to this court because of the absence of a remedy at law, but as section 44 of our Practice act has opened the doors of the law courts and now permit such action, with the consent of the court (Comp. Stat. p. 4064), and that remedy being adequate, this court, in consonance with its sustained policy, must decline to exercise jurisdiction. The requirement of the court's consent does not, as counsel argues, limit or impair the adequacy of the remedy; any more than does the requirement of an allocatur to a writ of certiorari. The consent is procedural, to prevent an abuse of the remedy.
The effort to have this court review and set aside the assessment and annul its lien upon the properties of the complainants is misdirected. There are no special equities raised. The authority of the town to assess for local improvements is not disputed; nor are the ordinances under which the town proceeded to make the improvements and assess the benefits challenged. Whether the methods pursued in virtue of the ordinances were lawful and resulted in beneficial improvements assessable against adjoining property are purely legal questions for which there is an adequate remedy by certiorari. That is settled law in this state. Jersey City v. Lembeck, 31 N.J. Eq. 255.
If an assessment is voidable it must be directly attacked by certiorari, if void it may be assailed wherever encountered.Bogart v. Elizabeth, 27 N.J. Eq. 568; Field v. West Orange,37 N.J. Eq. 434. The assessment is not void; it may have been voidable. The remedy by certiorari has been tried by the complainants and having failed they presume to again plead the same cause in this court. In Leavenguth v. West Orange, 6 N.J.Mis. R. 472, the supreme court dismissed their writ for laches, saying "they knew from the very inception of the proceedings the entire transaction. There was no attempt to conceal the transaction on the part of the municipality. The prosecutors wanted the extension of the water main laid. They made no objection at the various hearings held in the matter. They stood by and saw the main laid. Many of them used it. Now, after wanting the main, obtaining it, using it, they seek to set aside the assessment. *Page 230 
Over two and a half years elapsed before any opposition was evidenced. The case appears to us to be a clear case of laches on the part of the prosecutors. They will not be permitted to now object to the validity of the proceedings." This would be an added ground for this court denying relief, were the facts presented by the bill.
The bill will be stricken out.