This is a suit to remove as a cloud on complainant's title to certain real estate in the city of Paterson, an instrument consisting of a contract between complainant's assignor, Equator Realty and Improvement Company, and the city of Paterson. The substance of this agreement provided for the installation of sewers through the lands owned by the Equator Realty and Improvement Company which it proposed to develop and sell to the public. The Equator Company agreed to pay the sum of $9,000 in lieu of assessments against this property. The contract was made in 1927 and about two-thirds of the work on the sewer was completed and this portion of the system has been in operation, serving the adjacent lands. The system was never entirely completed because of the depression and the Equator Company was not successful in finding a purchaser for its lands and paid only the sum of $1,000 on account of the $9,000 which it agreed to pay. This $1,000 was paid in consideration of a release of certain *Page 424 
lots from the encumbrance created by the agreement with the city.
Although the agreement for the installation of the sewer was not entirely carried out, there was expended upon the work approximately sixty per cent. of the estimated cost, This enured to the benefit of complainant's assignor which thereby escaped any assessment for the work done. Under these circumstances, since complainant has received the benefit far in excess of its share of the agreed price to be paid in lieu of assessments, it should not in a court of equity take all the benefits without assuming the burden. The familiar maxim that "he who seeks equity must do equity" applies. Kean v. Asch, 27 N.J. Eq. 57;Baldwin v. City of Elizabeth, 42 N.J. Eq. 11; Farmer v. Ward,75 N.J. Eq. 33.
In my opinion therefore, the agreement should be cancelled only upon the payment to the city of the fair proportion of the sum agreed to be paid. This would approximately be sixty per cent. of $9,000, which is $5,400, less the $1,000 which has been paid on account. Unless this sum is paid, the relief prayed for in the bill must be denied.
The city has interposed a counter-claim praying for an affirmative judgment for the amount of the fair charge against the premises.
I do not think that there can be such an affirmative judgment, since it appears that certain of the lands originally bound have been conveyed to others than the parties. It would therefore be unfair to give a judgment against either complainant or its assignor. The relief granted will therefore be limited to a dismissal of the bill, except upon the condition that payment be made as herein indicated.
 A decree will be advised accordingly. *Page 425