One Michael McCallion died intestate on October 17th, 1900, seized of certain real estate situate in the City of Trenton. Three brothers and three sisters survived as his heirs-at-law. Time glided on until November 29th, 1920, when the premises were exposed to sale by the city for unpaid taxes and sewer assessments levied thereon during the years 1917, 1918 and 1919. On December 1st, 1920, a tax sale certificate was issued and delivered to the city. The city, however, never sought or entered into possession of the premises, nor did it undertake to proceed in a court of equity to foreclose any extant rights to redeem. On November 29th, 1940, the twenty-year period had elapsed. R.S.54:5-77; N.J.S.A. 54:5-77; Cf. R.S. 54:5-78; N.J.S.A. 54:5-78.
On June 5th, 1940, the city initiated the non-forensic plan designed to exclude the privilege of redemption. The testimonial proofs contemplated by the statute were filed in the office of the clerk of Mercer County on February 24th, 1941. R.S. 54:5-81;N.J.S.A. 54:5-81.
On October 30th, 1941, the complainant acquired by deed the right, title, and interest of four children of a deceased sister of Michael McCallion. The complainant recorded its deed on May 5th, 1941, and soon caused the premises to be improved by grading and by the construction of sidewalks. A sign bearing the complainant's name was erected. On June 18th, 1941, the city conveyed its right, title, and interest in the premises to the defendant Moreau E. Denshaw for the sum of $1,250. The deed was recorded the following day.
The object of the complainant in the prosecution of this cause is to erase the Denshaw deed as an illusory cloud on its title.Moore Securities Co. v. Schaffer, 97 N.J. Eq. 296; *Page 184 127 Atl. Rep. 206; Field v. Inhabitants of West Orange,37 N.J. Eq. 434; Bogert v. City of Elizabeth, 27 N.J. Eq. 568.
The existence of the jurisdictional requisites of a statutory bill to quiet title are stipulated. R.S. 2:76-2; N.J.S.A.2:76-2.
To sustain its bill the complainant impugns the proceedings actually pursued by the city in its undertaking to extinguish the right of redemption and specifies a dozen respects in which the proceedings were deficient. I have scrutinized the alleged imperfections and deficiencies in the so-called foreclosure activities in the light of the stipulated facts and the evidence adduced, and also with due regard to the established policy of our courts in comparable cases.
Diligent and careful inquiry is an indispensable ingredient of the "due process" structure of protection afforded interested parties by our federal constitution. It has been frequently stated that the courts will seize upon the slightest flaw of substance in tax sales to restore property to the owner, on the principle that the sale of land for default in the payment of taxes is such an extreme interference with private property that the law guards the rights of the owner with the utmost care. The due performance of every step in the proceedings, even in the most minute particulars, is regarded as a condition precedent to the validity of the sale, and the deed to the purchaser must contain all the statutory requirements. Harrington Co. v.Horster, 89 N.J. Eq. 270; 108 Atl. Rep. 150; Welles v.Schaffer, 98 N.J. Eq. 31; 129 Atl. Rep. 622; Henry C.McCandless, Inc., v. Schaffer, 103 N.J. Eq. 170;142 Atl. Rep. 566. A similar attitude is adopted in considering the adequacy of the proceedings to bar the right to redeem.
I shall not undertake to comment upon the information available to the representative of the city at the surrogate's office but apparently ignored, and upon the pattern of the notices given. A lack of diligent and careful inquiry to ascertain the parties in interest and an insufficient notice to them is patent. For illustration, it seems evident that the complainant's grantors resided in the City of Trenton prior to and after June 5th, 1940, yet there is no credible proof *Page 185 
that any industrious effort was made to personally notify them to redeem. R.S. 54:5-77; N.J.S.A. 54:5-77. Why address a letter to Rose McCallion, an heir, who according to the public records had died on June 18th, 1909?
I am conducted to the conclusion that the complainant is entitled to a decree, but only upon terms. It is a notorious and proverbial maxim that he who seeks equity must do equity. The complainant is the grantee and successor of the rights of some of the owners of the premises. Neither the complainant nor the prior owners paid the taxes levied upon the premises for a period of more than twenty years. I assume that the municipality has not sustained any loss in its revenue as a result of the sale to the defendant. If so, it has been the money of the defendant that has liberated the premises from the tax liens. It would be unconscionable to enrich the complainant unjustly. The aid of equity will be denied the complainant unless he reimburses the defendant for the amount of taxes, penalties, interest, and costs which he has paid and which were justly chargeable against the premises. Cf. R.S. 54:5-43; N.J.S.A. 54:5-43; Kean v. Asch,27 N.J. Eq. 57; Baldwin v. City of Elizabeth, 42 N.J. Eq. 11;6 Atl. Rep. 275; Farmer v. Ward, 75 N.J. Eq. 33;71 Atl. Rep. 401; 51 Am. Jur., "Taxation," § 1148; 86 A.L.R. 1216.
I understand that the defendant has not received any rents or other income from the property which might constitute deductions. Since the complainant in the existing circumstances may be only a tenant in common, the complainant upon making the requisite reimbursement will be entitled to subrogation against its co-tenants if occasion arises.
A decree in accordance with this conclusion will be advised. *Page 186