33 N.J. Super. 608 (1955)
111 A.2d 304
TOWNSHIP OF TEANECK, A MUNICIPAL CORPORATION OF THE COUNTY OF BERGEN AND STATE OF NEW JERSEY, PLAINTIFF,
v.
BLOCK 427, LOTS 9-10 ASSESSED TO AMELIA KLUG AND OTHER LANDS, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided January 10, 1955.
*609 Mr. John J. Deeney, attorney for plaintiff.
Mr. Saul A. Wittes, attorney for defendant Herbert Harvey.
GRIMSHAW, J.S.C.
This is an action to foreclose certain tax certificates under the provisions of the In Rem Tax Foreclosure Act of 1948, N.J.S.A. 54:5-104.29 et seq. The certificate here under consideration is one of a number included in the complaint filed by the Township of Teaneck. In the complaint the facts respecting the tax sale with which we are concerned were set forth as follows:

 Name of Amount Sub.
Certf. Owner on Date of of Taxes &
 No. Tax Duplicate Blk. Lot Tax Sale Sale Interest
--------------------------------------------------------------------
 5561 Township 555 32-35 10/20/42 $16.07 $595.97
 of Teaneck
 Name of Amount Date of Inst. No. in
Certf. Owner on to Recd. Co. Clerk's
 No. Tax Duplicate Redeem Cert. Office
----------------------------------------------------------
 5561 Township $612.04 1/18/52 2729/190
 of Teaneck

It is also alleged in accordance with R.R. 4:82-7(a) (2) that the name of the person or one of the persons who, according to the records in the office of the county recording officer, appears as a transferee or purchaser of the title to the land to be affected by the foreclosure proceedings, and the book, page and date of the instrument by which such person acquired the title is Victor Mutt, by a deed dated November 5, 1928 and recorded on November 9, 1928 in Book 1620 of Deeds, on page 58.
The defendant Harvey filed an answer and counterclaim asserting that he is the owner of the lands here sought to be *610 foreclosed, and that he had tendered the amount claimed to be due to the township, which tender was refused. Harvey seeks a judgment permitting him to redeem the property upon payment of the amount found to be due on the tax certificate.
In lieu of oral testimony a stipulation of facts was filed by the parties. In the stipulation it appears that the lands in question are situated in the Township of Teaneck, Bergen County, and are known on "Map No. 2 of Knickerbocker Park" as lots 32, 33, 34 and 35 in block lettered "O." On the assessment map of the Township of Teaneck the lands are known as Block 555, Lots 32-35.
Victor Mutt became the owner of record of said lands by a deed dated November 5, 1928 and recorded in the clerk's office of the County of Bergen in Book 1620 of Deeds for said county, on page 58, on November 9, 1928.
By deed dated August 23, 1940, recorded in the clerk's office on March 3, 1941, in Book 2260 of Deeds for said county, at page 243, Victor Mutt and Eugenie Mutt, his wife, conveyed to Mary Kuusik-Jackson certain lands described in the deed as lots 32, 33, 34 and 35 in block lettered "S" on "Map No. 2 of Knickerbocker Park." An examination of the records in the office of the Clerk of Bergen County disclosed that Victor Mutt never owned any lots bearing numbers 32, 33, 34 and 35 in Block "S" on said map.
On November 24, 1952 a final judgment of foreclosure was entered in an in rem tax foreclosure action in which the Township of Teaneck was the plaintiff. In the complaint there was alleged in the 39th cause of action, the following facts respecting the tax sale:

 Name of Amount Sub.
Certf. Owner on of Taxes &
 No. Tax Duplicate Blk. Lot Tax Sale Sale Interest
--------------------------------------------------------------------
 5561 Mary 555 32-35 10/20/42 $16.07 $467.91
 Kuusik
 Jackson
 Name of Amount Date of Inst. No. in
Certf. Owner on to Recd. Co. Clerk's
 No. Tax Duplicate Redeem Cert. Office
----------------------------------------------------------
 5561 Mary $483.98 1/18/52 2729/190
 Kuusik
 Jackson

In accordance with the provisions of the statute it was also alleged that the name of the person or one of the persons who, according to the records in the office of the county *611 recording officer, appears as a transferee or purchaser of the title to the land to be affected by the tax foreclosure proceedings, and the book, page and date of the instrument by which such person acquired title was Mary Kuusik-Jackson by the deed mentioned above, recorded on March 3, 1941 in Book 2260 of Deeds, on page 243.
By a deed dated December 22, 1953, recorded in the clerk's office in Book 3546 of Deeds, on page 545, Charles Kuusik and Mary Kuusik-Jackson, his wife, conveyed the property here in question to the defendant Herbert Harvey. Thereafter Harvey sought to redeem the lands from the tax sale certificate and redemption was refused by the Collector of Taxes of the Township of Teaneck.
On March 20, 1954 Harvey mailed a letter addressed to the mayor and council of the township, in which he again sought permission to redeem the property, charging that the foreclosure proceeding was defective in that it failed to comply with the tax statute and, therefore, failed to vest title in the Township of Teaneck. No answer was received to this communication.
On May 13, 1954 the complaint in this action was filed. From the facts above stated it is clear that at the time of the foreclosure action Victor Mutt, and not Mary Kuusik-Jackson, was the person who according to the records in the office of the county recording officer appeared as a transferee or purchaser of the title to the land to be affected by the foreclosure proceedings.
While it has been stated by the township attorney in his brief that the second action was filed for the purpose of correcting the description of the lands in question, an examination of the two complaints discloses that the description of the lands in question in both of them is identical, and it is quite clear that the purpose sought to be achieved by the second action was to correct the error resulting from the failure to name the record owner in the first proceeding.
It has been frequently stated that the courts will seize upon the slightest flaw of substance in tax sales to restore property to the owner, on the principle that the sale of *612 lands for default in the payment of taxes is such an extreme interference with private property that the law guards the rights of the owner with the utmost care. The due performance of every step in the proceedings, even in the most minute particulars, is regarded as a condition precedent to the validity of the sale. Merewood, Inc., v. Denshaw, 139 N.J. Eq. 182 (Ch. 1947). And in City of Newark v. Yeskel, 5 N.J. 313 (1950), the Supreme Court pointed out that there must be a strict adherence to the enabling statute.
In my opinion, the first foreclosure was defective for failure properly to name the record owner of the property against which foreclosure was sought. The judgment in that case was ineffective to transfer title to the township so far as the lands in question are concerned. By the deed from Jackson to Harvey the defendant Harvey acquired an interest in the property sufficient to entitle him to redeem in the second action. This, Harvey has attempted to do. The refusal of the township to permit Harvey to exercise his right of redemption was without justification. Accordingly, there will be judgment for the defendant Harvey.