LAURENT S. MITCHELL et al., complainants-appellants,

*v.*

DELIA PYCHLAU et al., defendants-appellees.

[Argued May 29th, 1929—Decided February 3d, 1930.]

*Mr. L. Edward Herrmann,* for the complainants-appellants.

*Messrs. Tackella & Camby* (*Mr. Henry J. Camby,* on the brief), and *Mr. Victor E. Cartz,* for the defendants-appellees.

The opinion of the court was delivered by

CASE, J.

This action arises on a bill, under the statute (*4 Comp. Stat. p. 5399*) to quiet title to lands that were purchased by Francis W. Mitchell. The complainants are the children and heirs-at-law of Francis W. Mitchell.

Delia Pychlau, the original owner of the property, died in 1863. In 1890, there having been no matter of record affecting the title since the acquisition thereof by Delia Pychlau, the property was sold at tax sale to Henry A. Gaede, who received a certificate of sale and, after further proceedings, a deed from the city collector of Jersey City. Soon thereafter Henry W. Pychlau, widower of Delia Pychlau and tenant by the curtesy, executed and delivered a deed for the property to Henry A. Gaede. Still later the taxes were again in default and in 1896 the city collector of Jersey City, by tax sale, struck the property off to Francis W. Mitchell and delivered to him a certificate of tax sale. Subsequently, Francis W. Mitchell, as a result of proceedings instituted by him, received from the city collector of Jersey City a deed for the premises.

The defendants claim as heirs-at-law of Delia Pychlau. In their answer they deny that the complainants have title to the lands or any part thereof and set up title, seizure and possession of the defendants, at the same time charging Francis W. Mitchell with fraud and intentional misrepresentations in the proceedings incident to the delivery to him of the deed from the tax collector. By way of counterclaim defendants set up a fraudulent procurement by Mitchell of the deed from the city collector of Jersey City in a scheme to cheat and defraud the defendants of the said lands; make formal offer to redeem the lands from the lien of the tax

sale and to pay the amount necessary therefor; and pray that the deed from the city collector to Mitchell be set aside and be declared void and of no effect.

The learned vice-chancellor determined, in his opinion, that the tax deed from the collector to Mitchell was invalid because of fraud perpetrated by the latter and because no notice to redeem had been served upon or given to the heirs and descendants of Delia Pychlau. The decree, however, neither finds nor mentions fraud. It determines that Delia Pychlau died intestate, the owner of and seized and possessed of the premises, leaving her surviving her husband, Henry W. Pychlau, and heirs-at-law; that the statutory notice to redeem from the tax sale of 1896 was not served upon or given to the widower and heirs-at-law of Delia Pychlau, and that because such notice had not been given, the defendants are now entitled to redeem upon complying with the statutory requisites to effect such redemption; it denies the complainants their relief, declares null and void the deed from the city collector to Mitchell, authorizes the redemption by the defendants upon payment of the money lawfully required for that purpose, names a special master to ascertain and report the amount so required, and authorizes further ancillary relief to the defendants. The decree also adjudges that Henrietta Gaede, wife of Henry A. Gaede and a defendant in the proceedings, against whom interlocutory judgment by default had been taken, had no right, title or interest in or to the lands and premises aforesaid.

The following is a chronological statement of the relevant record title:

1. Deed, John N. J. Ruete and wife to Delia Pychlau, dated May 21st, 1862, recorded June 18th, 1862.

2. Deed, Patrick H. O'Neill, city collector, to Henry A. Gaede, dated November 24th, 1891, recorded May 21st, 1892.

3. Deed, Henry W. Pychlau (widower), of the city of Milan, county of Curania, empire of Russia, to Henry A. Gaede, dated November 30th, 1891, recorded May 21st, 1892.

4. Deed, Robert Davis, city collector, to Francis W. Mitchell, dated March 22d, 1901, recorded April 16th, 1901.

The charge of fraud, as presented by the answer, is that when Francis W. Mitchell, having bought the premises at tax sale, proceeded, under the statute, to obtain deed for the same from the city collector, he "represented that Robert Campbell, Mary A. Goodspeed, executrix; William Star Goodspeed, Arthur Baxter Goodspeed, Shepard Goodspeed and Alene Goodspeed were the only persons interested in or who had claims against said premises and were the owners of said premises, whereas in fact said above-mentioned persons had no interest in or claim to, or were the owners of said premises whatsoever," and that the deed from the collector to Mitchell "was obtained by means of said fraudulent representations;" and that likewise Mitchell "fraudulently and with intent to deceive" made similar representations to the circuit court, which, relying thereon, ordered the delivery of deed.

Whether the said persons were or were not interested in, or the owners of, the premises and whether or not the heirs of Delia Pychlau were given notice to redeem from the tax sale to Mitchell is unimportant in the present proceeding, unless at the time of the said tax sale the heirs of Delia Pychlau had, themselves, such interest in the property as would entitle them to redeem. A vital fact of which the decree entered in the court of chancery makes no note is that between the acquisition of title by Delia Pychlau and the tax sale to Francis W. Mitchell there had been a tax sale to Henry A. Gaede and proceedings growing out of said tax sale whereby a collector's deed was given to the said Gaede. If in the Gaede proceedings the Pychlaus were barred, they were not entitled to notice to redeem from the Mitchell tax sale. It, therefore, becomes necessary to consider in some detail the Gaede proceedings.

On October 10th, 1890, the city collector of Jersey City, at a tax sale, sold the premises in question to Henry A. Gaede under the provisions of *P. L. 1886 ch. 112,* known as the Martin act, for the sum of $1,112.45.

Section 6 of the Martin act then provided that any person having an estate in or mortgage upon any lands and premises

sold in pursuance of the fourth section of the act, whose estate or lien appeared of record in the county, might at any time before the expiration of six months after notice given to him of such sale by the purchaser, or before a deed 'of said premises had been delivered, redeem said lands and premises by paying the treasurer of the city, for the use of the purchaser, the sum paid by the latter with interest and certain costs; and in case such owner or mortgagee be a non-resident, or his residence could not, upon due inquiry, be ascertained, then the notice might be served by publishing the same in a newspaper printed and circulating in the city for a period of six weeks, at least once in each week, and depositing a copy of such notice, within twenty days after its first publication, in the post office of the city, enclosed in a wrapper, postpaid, directed to such owner or mortgagee at his or her last known post office address if the same can be ascertained.

Section 5 of the act provided that the purchaser at the tax sale should be given a certificate of such sale and, upon surrender of the certificate and proof of service of the notice upon the owners and mortgagees of the lands and premises, the comptroller or other controlling officer should, after the expiration of six months from the date of such service, execute and deliver to the purchaser a deed for said lands and premises and that "such purchaser, his heirs, legal representatives or assigns, shall take a good and sufficient title to the property sold in fee-simple absolute, free of all encumbrances * * *."

Henry A. Gaede states, in his affidavit on file with the records in the city clerk's office, that he "in good faith made diligent inquiry for the residence and post office address of Henry W. Pychlau or Pychlan, Delia Pychlau or Pychlan, Annie Pychlau or Pychlan and Elwin Pychlau or Pychlan, the owners of the premises described in said notice hereto annexed; that he is creditably informed by Henry W. Pychlau, one of the owners of the said premises, that he, the said Henry W. Pychlau, resides in the town of Mitau, Russia, and that the said Delia Pychlau, Annie and Elwin Pychlau,

also reside in the same place, and that their post office address is Mitau, Russia; that this deponent did on the 5th day of February, 1891, place in the post office in the city of Jersey City, New Jersey, four letters, one directed to the said Henry W. Pychlau or Pychlan, Delia Pychlau or Pychlan, Annie Pychlau or Pychlan and Elwin Pychlau or Pychlan, at their said post office address in Mitau, Russia, with the postage prepaid, each containing a copy of the notice hereto annexed." Annexed to the affidavit is a notice dated January 26th, 1891, and addressed to the Pychlaus, stating that Gaede had purchased the premises at the tax sale, giving the necessary indicia and giving further notice "that you have or claim to have an interest therein, and unless the said lot, tract or parcel of land shall be redeemed, as provided in said act, before the expriation of six months from and after the service and publication hereof, a deed for the same will be given, conveying to the purchaser the fee-simple of said land and real estate according to the provisions of said act." From the same source comes proof of the publication of the notice in the Jersey City News for six weeks successively, at least once in each week, commencing on the 23d day of January, 1891.

The name was correctly spelled "Pychlau" and the reason for the alternative spelling "Pychlan" is presumably to be found in the fact that the deed of acquisition was to Delia Pychlau. It is conceded that Henry W. Pychlau was the husband of Delia Pychlau, and it appears by other proofs in the case that the only children and heirs-at-law of the said Delia Pychlau were Annie Elizabeth, born July 29th, 1857, in New York, died June 22d, 1919, in Baldohn (Kurland), and Elwin William Henry, born April 16th, 1869, in Hudson city, New Jersey, died January 1st, 1924, in Kiel, Germany. The deed from Henry W. Pychlau dated November 30th, 1891, and recorded May 21st, 1892, designates him as of the city of Milan, county of Curania, empire of Russia, whereas the affidavit of inquiry shows the spelling to be "Mitau," Russia. Which spelling is correct does not appear. Whichever is incorrect may be due to illegible handwriting.

The fact of the deed itself is persuasive evidence that Henry W. Pychlau had received notice. Indeed there is no allegation, much less proof, that the persons did not live where addressed, or that the notices from Gaede were not received by Henry W. Pychlau, Annie Pychlau and Elwin Pychlau. Moreover, the statute makes the notice and affidavit and the record thereof presumptive evidence of the service and facts therein stated, and the statutory service, statutorily established, not actual service, effectuates the bar. *Welles* v. *Schaffer, 98 N. J. Eq. 31.*

Neither is there allegation or proof of fraud on the part of Gaede in procuring his tax deed. Assuming that the proofs upon which that deed was executed and delivered were untrue, that is not enough to invoke equity jurisdiction. It must be shown that the proofs were knowingly false and intended to deceive. *Nugent* v. *Hayes, 94 N. J. Eq. 305.*

The notices to redeem were dated January 26th, 1891, first published in January, 1891, and mailed February 5th, 1891. The deed from the city collector to Henry A. Gaede was dated November 24th, 1891—between nine and ten months after the giving of six months' notice to redeem. All of the statutory requirements appear to have been complied with. The right of redemption by Annie Pychlau and Elwin Pychlau, the heirs of Delia Pychlau, expired with the delivery of the deed from the city collector to Henry A. Gaede, who then, in the words of the statute, took "a good and sufficient title to the property sold in fee-simple absolute, free of all encumbrances." All of the answering defendants claim under either Annie Pychlau or Elwin Pychlau, and by reason of the death of one or the other. The right of the defendants or of their forbears to redeem the premises from tax sale expired nearly forty years ago, and we find no justification, either in law or in equity, for a revival of the rights of which they were so long ago divested. During all of that period they neither assumed the burdens nor sought the benefits of ownership.

It therefore is beside the question to inquire why Francis W. Mitchell, having bought at a tax sale under a subsequent

default in the payment of taxes, served notice to redeem upon certain parties who do not appear of record. Counsel's brief contains a suggestion which may or may not be the correct answer, but it is fruitless to consider it. There was no fraud against the defendants. Therefore, they cannot invoke the aid of the court of chancery upon that ground.

Neither do the defendants present any other ground of special equity. The law courts are the proper forum for the review of tax proceedings. That was the decision of this court in *Jersey City* v. *Lembeck, 31 N. J. Eq. 255,* and it has repeatedly been reaffirmed. *Roe* v. *Mayor and Aldermen of Jersey City, 79 N. J. Eq. 645; Mackie* v. *Cain, 92 N. J. Eq. 631.* The fact that a party waits so long that he is barred from relief therein cannot operate to vest the court of chancery with jurisdiction. *Goodwin* v. *Millville, 75 N. J. Eq. 270.* A tax title deed under the Martin act is within the provisions of the thirteenth section of the Sales of Land act (*4 Comp. Stat. p. 4679*) and is not subject to be questioned collaterally. *Walton* v. *American Baptist Pub. Society, 78 N. J. Eq. 263.*

The complainants herein were within their rights in filing their bill. The defendants could have pursued legal remedies to test the substantiality of their claims but they did not. They remained aloof and inactive. Their present defense is an effort to attack a tax deed collaterally and that cannot be done under the pretext of defending or counter-claiming against a bill to quiet title. *White* v. *Cadmus, 84 N. J. Eq. 86.*

The counter-claim should have been dismissed and the complainants should have had their title established in accordance with the prayer in their bill.

The decree below will be reversed in all respects except in its determination against Henrietta Gaede, and the record will be remanded to the end that a decree be entered in accordance with these findings.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Parker, Black, Campbell, Lloyd, Case, Bodine, Van Buskirk, McGlennon, Kays, Hetfield, Dear, JJ. 12.