# SUPERIOR COURT
## of the

Jeffrey J Clark
Resident Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone: (302)-735-2111

September 29, 2021

Michael B. Cooksey, DAG
Delaware Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801

Mr. Kenneth Odoemene
160 Stoney Drive
Dover, DE 19904

Submitted: September 8, 2021
Decided: September 29, 2021

> **RE:   *State of Delaware Division of Revenue vs. Kenneth Odoemene***
> ***K21J-00844 NEP***

Mr. Cooksey and Mr. Odoemene:

The Director of the Delaware Division of Revenue (hereinafter the "Director" or the "Division") filed a certificate of assessment in Superior Court.   In it, the Division entered judgment against Mr. Odoemene for unpaid taxes, a penalty, and interest.   Presently, Mr. Odoemene moves the Court to strike the certificate.   In essence, he seeks to collaterally vacate the judgment.   This letter provides the Court's reasoning and decision as to why it cannot.

## Background and Arguments of the Parties

On April 19, 2021, the Division filed the certificate of assessment at issue. The assessment, which becomes a judgment, was in the amount of $1,665.97. It

1

represents the amount of his unpaid 2018 personal income tax, a penalty for the unpaid tax, and interest.

Mr. Odoemene contends that he does not owe the penalty and interest. He believes that the Division should have waived them because of the Covid-19 pandemic. He also alleges that he did not receive a notice of proposed assessment. That, he contends, left him no opportunity to challenge it before it became final.

The Division counters that it sent Mr. Odoemene the notice of assessment on December 8, 2020, and that he did not protest it. It relies upon 30 *Del. C.* § 544 which provides that a proposed assessment becomes final if not challenged within sixty days from when the Division mails the notice. Furthermore, the Division has produced documentation that it sent the notice to Mr. Odoemene by certified mail. The Division has also provided documentation showing that the Postal Service delivered the letter to Mr. Odoemene's mailbox on a date and time certain.

### Relevant Statutes

The Delaware Division of Revenue's authority to certify an assessment against a taxpayer flows from several provisions in Title 30 of the Delaware Code. The statutory process starts with the requirements set forth in 30 *Del. C.* § 521. Namely, that section provides that the Division must send the taxpayer notice of the amount of past-due taxes, interest, and penalties that it alleges are due. More specifically, the statute provides that the notice must: "set forth the amount and the reason for the proposed assessment . . . . If the amount of the proposed assessment exceeds the applicable threshold of $1,000, such notice shall be sent by certified or registered mail.[1]"

After sixty days without a protest, the proposed assessment becomes final with no right to appeal.[2] If, on the other hand, the taxpayer files a protest, the

---

[1] 30 *Del. C.* § 521(c).
[2] *Id.* at § 522.

Director must reconsider the matter.[3]  After the Director considers the taxpayer's arguments, she must provide the taxpayer with a final decision.[4]  That decision then becomes final unless the taxpayer appeals the matter to the Tax Appeal Board within sixty days.[5]  In the event of an appeal, the Tax Appeal Board must hold a hearing and issue a decision regarding whether the proposed assessment is accurate.[6]

Finally, either the Director or the taxpayer may appeal the Tax Appeal Board's final decision to the Superior Court within thirty days.[7]  If neither party files an appeal, the Tax Appeal Board's decision becomes final.[8]

**Motion to Strike Because of Allegedly Improper Penalties and Interest**

Mr. Odoemene contends that he does not owe the penalty and interest in the assessment.  He did not, however, challenge those amounts through the administrative process.  As a result, the Superior Court cannot examine the merits of his claim.  It cannot do so for two reasons.

First, the Court has no jurisdiction to collaterally vacate the judgment.  Here, when the administrative process concludes (assuming it concludes favorably to the Division), the Prothonotary must accept the filing and it becomes a judgment of record.[9]  In other words, the certificate becomes a transferred judgment in the amount of the proposed assessment unless the taxpayer prevails in the administrative

---

[3] *Id.* at § 523.
[4] *See id.* at § 524 (providing that "written notice of the Director's determination. . . shall be mailed to the taxpayer by certified or registered mail").
[5] 30 *Del. C.* § 525.
[6] *Id.* at § 544.  The sole exception to this step in the administrative process is removal of an action to Superior Court after an appeal to the Tax Appeal Board. *Id.* at § 333. Bypassing the Tax Appeal Board is permitted only for (1) matters in controversy exceeding $50,000, (2) upon request of the taxpayer or the Division of Revenue, and (3) with approval of the Tax Appeal Board. *Id.*  None of the three requirements are satisfied in this instance.
[7] *Id.* at § 331(a).
[8] *Id.*
[9] *Id.*

3

process referenced above.[10]  Once the Division files the certificate, the Superior Court lacks jurisdiction to consider collateral challenges to the judgment unless it is void.[11]

Second, the exhaustion of administrative remedies doctrine makes it inappropriate for the Court to examine the accuracy of the amounts listed in the certificate of assessment.  Namely, to challenge the matter in this Court, Mr. Odoemene must have first exhausted his administrative remedies.[12]  Where a remedy is available through an administrative hearing, a petitioner "cannot come immediately to this court, rather they must [first] establish a record below."[13]  In other words, a person may not simply decide to bypass the administrative process.[14]  Here, the General Assembly demonstrated its intent that a taxpayer must avail himself or herself of this administrative process.  That process (which could ultimately lead to Superior Court review on appeal) is the only process available to challenge the assessment.

### Notice of the Proposed Assessment

Mr. Odoemene may collaterally attack the certificate of assessment only if the Division did not provide notice to the taxpayer of the amount claimed.[15]  That is,

---

[10] *See* 30 *Del. C*. § 554(a) (providing that "the Director may file in the office of the Prothonotary of the county in which the taxpayer resides . . . a certificate specifying the [amount owed and] the amount set forth in the certificate *shall thereupon be and constitute a judgment* of record in such court with like force and effect as any other judgment of the court . . .") (emphasis added).

[11] *See Krewson v. Household Finance Corp.*, 1983 WL 413306, at *2 (Del. Super. Sept. 29, 1983) (recognizing "[a] judgment, order or decree rendered by a court having jurisdiction of the parties and the subject matter, unless reversed or cancelled in some proper proceeding, is not open to collateral attack in any other proceed."); *see also State v. Kamalski*, 429 A.2d 1315 (Del. Super. Jan. 14, 1981) (stating "[c]ollateral attack is allowed only where the judgment is void, a void judgment being a judgment rendered without jurisdiction. If a judgment is merely voidable because of some other type of defect its validity may not be impeached in a collateral proceeding.")).

[12] *Garvin v. Booth*, 2019 WL 3017419, at *4 (Del. Super. July 10, 2019).

[13] *Id*. (citing *Buckson v. Ropp*, 2000 WL 1741935, at *3 (Del. Super. Nov. 21, 2000)).

[14] *Id*. (citing *Carter v. Dept. of Labor*, 1993 WL 489222, at *2 (Del. Super. Nov. 12, 1993)).

[15] RESTATEMENT (FIRST) OF JUDGMENTS § 6(b) (AM. L. INST. 1942).

4

because under this case's circumstances, the transferred judgment would be void only if there was a complete lack of notice in the underlying forum.

Here, the statute required the Division *to send* Mr. Odoemene's proposed assessment to him at his last known address by certified or registered mail.[16] Specifically, it provides that "[s]ixty days after the date on which [the proposed assessment] *was mailed*, . . . a notice of proposed assessment under § 521(c) of this tile, *shall constitute a final assessment* . . . ."[17]

The Court understands Mr. Odoemene's contention that he did not receive the notice of the assessment and should not be bound by it. Nevertheless, the Division mailed the proposed assessment to him on December 8, 2020, to the correct address.[18] Furthermore, the USPS tracking website confirms that the Postal Service delivered the certified notice to Mr. Odoemene's mailbox on December 11, 2020, at 5:38 p.m.[19]

Where a method of notification is provided by statute, and the method is reasonable, a judgment is not void merely because the defendant did not receive actual knowledge of the action.[20] Here, the statute defines proper notice for tax assessment matters: the mailing of the notice by certified or registered mail to the taxpayer's last known address. The process the General Assembly created provides reasonable notice, even in the off chance that a tax payer did not physically view the mailed document.

---

[16] 30 *Del. C.* § 521(b)(3)

[17] *Id.* at § 522 (emphasis added).

[18] State's Ex. 1, supplemental filing dated Sept. 7, 2021.

[19] State's Ex. 2, supplemental filing dated Sept. 7, 2021.

[20] RESTATEMENT (FIRST) OF JUDGMENTS § 6(c) (AM. L. INST. 1942); *see also* H. D. Warren, *Sufficiency of compliance with statute providing for service by mail of notice in tax procedure*, 155 A.L.R. 1279 (recognizing that it is the general rule "that where service of notice by mail or registered mail in tax proceedings is expressly required or authorized by statute, conformity with the statute, and with the rules and procedure of the [USPS] is sufficient compliance . . . actual receipt thereof is not essential.").

The Court recognizes Delaware's common law presumption regarding mailing. At common law there is a *presumption* that correctly addressed, stamped, and mailed materials were received by the party to who the notice was addressed.[21] In this regard, at common law, a factual issue may arise when the alleged recipient denies that he or she received it.[22]

Here, however, the common law presumption is *not* at issue. Rather, because Mr. Odoemene's circumstance involved a tax assessment for more than $1,000, the Division met its notice requirements when it sent the notice of proposed assessment by certified mail.[23]

Finally, while the Court need not apply the common law "mailbox rule" in this case, the result would nevertheless be the same. Namely, the Division sent the notice by certified mail. Furthermore, the Postal Service delivered the notice to Mr. Odoemene's mailbox. If the Postal Service did not obtain a signature upon delivery, as it should have, given the circumstances of this case, Mr. Odoemene's contention that he did not physically see the notice would not rebut the common law presumption of notice. The Court is satisfied that the proposed assessment reached his mailbox.

---

[21] *Windom v. Ungerer*, 903 A.2d 276, 282 (Del. 2006).

[22] *Id.*

[23] *See Mitchell et al. v. Pychlau,*, 148 A. 890, 893 (N.J. 1930) (finding that compliance with statutorily established notice requirements, not actual service, provides notice); *Welles et al. v. Schaffer,* 129 A. 622, 623 (N.J. Ch. 1925) (providing the same). *See also Deysher v. Unemployment Ins. App. Bd.*, 2011 WL 7063475, at *1 (Del. Super. Dec. 29, 2011) (showing, in the context of unemployment insurance appeals, compliance with 19 *Del. C.* § 3318(b) requires notice be mailed to a claimant at their last known address); *Wyatte v. Unemployment Ins. App. Bd.*, 140 A.3d 430 (Del. 2016) (TABLE) (affirming board decision to deny appeal where claimant did not receive actual notice and Department of Labor complied with statutory requirement of mailing notice to the claimant's last known address)).

## Conclusion

For the abovementioned reasons, Mr. Odoemene's motion to strike the Division of Revenue's certificate of assessment must be **DENIED**.

**IT IS SO ORDERED.**

Very truly yours,

/s/ Jeffrey J Clark
Resident Judge

JJC:klc
*Via File & ServeXpress*